UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NIKE, INC. AND CONVERSE INC.,

                Plaintiffs,

      v.

SHIBY NY INC.; MING FU HONG TRADING LIMITED;
RIMISNEAKER.CC; RIMISNEAKER.RU;
RIMISNEAKER.US; $YTRADING616; MR. WANG;
BSTSNEAKER.COM; BSTSNEAKERS.COM;
SONGSNEAKER.COM; STOCKXSHOES.COM;
STOCKXSHOESVIP.COM; COCOSHOES.NET;
COCOSHOESVIP.COM; BAGSMALLES.COM;
BUYKICKS.ME; JOOM E-COMMERCE COMPANY
LIMITED; CARLSNEAKER.COM; DDKICKS.NET;
GDLEYU INC.; HOTKICKS.CC; HOTKICKS.ORG;
HYPEUNIQUE.IS; HYPEUNIQUE.ME; EFX FASHION INC.; KICKMAX.RU;
FOOTSKICK.RU; KICKSCENTRAL.CC;
KICKSCENTRAL.ME; KILLONE.X.YUPOO.COM;
MISSTYLEA;  KICKWHO.CC; KICKWHO.XYZ;
KICKZLUCAS.COM; GUOXIONG LIN; LGROSE.RU;
XBL0594.X.YUPOO.COM; XIANGUO ZHOU;
LKKIKS.COM; 888KICKS.RU; MIKA TECHNOLOGY
CO. LIMITED; MANGOMEEE.COM; MANGOMEEE.CO;
MONICASNEAKER.CC; BO YING TRADING HONG
KONG LIMITED; HOUYW.X.YUPOO.COM;
MUKSSTORE.X.YUPOO.COM; SING YING TRADING
LIMITED; RARERAPSNEAKER.X.YUPOO.COM;
RAREREPCLOTHING.X.YUPOO.COM;
HEWITT2303.X.YUPOO.COM; PYN*CNFASHION CLUB;
STYLESNEAKS.COM; SHARESNEAKER.US;
SHARESNEAKER.VIP; SHARESNEAKERS.US;
SHARESNEAKERS.VIP; STOCKXPRO;COM;
STOCKXPRO.VIP; STOCKXPROVIP.COM;
SUPERSNEAKERS.VIP; TIMSNEAKERS.COM; CASNDA
CORP LIMITED-B2C; UBUYSNEAKERS.COM;
ULRICA688.X.YUPOO.COM; WAWONE.COM;
STOCKXKICKS.COM; HYPESHOES.CO; BMLIN.NET;
STAR EFX FASHION INC.; FOOTSKICK.RU;
CLUBKICKZ.COM; $KAIDENINC616;
COOLKICKSMALL.COM; WTP*STEPSUPSHOES;
CREWKICK.NET; CREWKICKS.ORG; JIEMAO
COMMERCE CO. LTD; DOPESNEAKER.CO; CHAN
WAI; FLIGHTKICKZ.CN; FLIGHTKICKZ.COM;
KICKSGATE.COM; LN5FACTORY.COM;

                                   24-cv-4521

                                 **COMPLAINT**

YZYNATION.COM; GMKIM.VN.UA; HOTKICKSS.RU;                :
EKO DG TRADING INC.; HYPEBOOSTS.RU;                      :
HYPEBOOST.SHOP; HYPEBOOST.STORE;                         :
HYPEBOOSTS.COM; HYPEBOOST.RU; JDFOOT.CO;                 :
CLOTHSWMALLS.COM; VKOMALL; ONE PICK (HK)                 :
LIMITED; PKSHOES.STORE; PEINABAXNYJ                      :
POPSHOE.ORG; POPKICKS.ORG; JORDONKICKS.ORG;              :
DUNKSTICKS.ORG; TAOSNEAKERS.COM;                         :
CNFASHIONCLUB.COM;  UABAT.XYZ;                           :
UABATMAN.COM; PKSTOCKX.CC;                               :
SNEAKERWILL.SHOP; LUCKSHOES.RU;                          :
PERFECTKICKS.TOP; JASKICKS.RU; COPTOP;                   :
COPTOP.RU; COPTOP.NET; M1SNEAKERS.COM;                   :
BOMBLINE.CC; BOMBLINE.LA;                                :
EBUYSNEAKERS.COM; SP XYLAR STUDIO;                       :
XYLAR.CO; $DEDIANFANG; RSNEAKERS.FUN;                    :
DMSNEAKER.COM; SOLENLACES.COM; ABC                       :
COMPANIES 1-100 and JOHN Does 1-100,                     :
                                                         :
                    Defendants.                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

Plaintiffs NIKE, Inc. ("**Nike**") and Converse Inc. ("**Converse**" and together with Nike

"**Plaintiffs**") for their complaint against Defendants Shiby NY Inc.; Ming Fu Hong Trading

Limited; rimisneaker.us; $ytrading616; Mr. Wang; bstsneaker.com; bstsneakers.com;

songsneaker.com; stockxshoes.com; stockxshoesvip.com; cocoshoesvip.com; bagsmalles.com;

buykicks.me; Joom E-Commerce Company Limited; carlsneaker.com; ddkicks.net; Gdleyu Inc.;

hotkicks.cc; hotkicks.org; hypeunique.com; hypeunique.is; hypeunique.me; EFX Fashion Inc.;

kickmax.ru; footskick.ru; kickscentral.cc; kickcentral.me; killone.x.yupoo.com; Misstylea;

kickwho.cc; kickwho.xyz; kickzlucas.com；Guoxiong Lin; lgrose.ru; xblo594.x.yupoo.com;

Xianguo Zhou; lkkiks.com; 888kicks.ru; Mika Technology Co. Limited; mangomeee.com;

mangomee.co; monicasneaker.cc; Bo Ying Trading Hong Kong Limited; houyw.x.yupoo.com;

muksstore.x.yupoo.com; Sing Ying Trading Limited; rarerapsneaker.x.yupoo.com;

rarerepclothing.x.yupoo.com; hewitt2303.x.yupoo.com; Pyn*Cnfashion Club; stylesneaks.com;

sharesneaker.us; sharesneaker.vip; sharesneakers.us; sharesneakers.vip; stockxpro.com; stockxpro.vip; stockxprovip.com; supersneakers.vip; timsneakers.com; Casnda Corp Limited-B2c; ubuysneakers.com; ulrica688.x.yupoo.com; wawone.com; stockxkicks.com; hypeshoes.co; bmlin.net; Star EFX Fashion Inc.; footskick.ru; clubkickz.com; $kaideninc616; coolkicksmall.com; Wtp*stepsupshoes; crewkick.net; crewkicks.org; Jiemao Commerce Co. Ltd; dopesneaker.co; Chan Wai; flightkickz.cn; flightkickz.com; kicksgate.com; ln5factory.com; yzynation.com; gmkim.vn.ua; hotkickss.ru; EKO DG Trading Inc.; hypeboosts.ru; hypeboost.shop; hypeboosts.com; hypeboost.ru; jdfoot.co; clothswmalls.com; Vkomall; One Pick (HK) Limited; pkshoes.store;  Peinabaxnyj; popshoe.org; popkicks.org; jordonkicks.org; dunksticks.org; taosneakers.com; cnfashionclub.com; uabat.xyz; uabatman.com; pkstockx.cc; sneakerwill.shop; luckshoes.ru; perfectkicks.top; jaskicks.ru; COPTOP; coptop.ru; coptop.net; m1sneakers.com; bombline.cc; bombline.la; ebuysneakers.com; SP Xylar Studio; xylar.co; $DedianFang; rsneakers.fun; dmsneaker.com; solenlaces.com; ABC Companies and John Does 1-100, (collectively, "Defendants"), allege as follows:

<u>**NATURE OF THE ACTION**</u>

1.      This is an action for preliminary and permanent injunctive relief and damages associated with the Defendants' intentional, unauthorized and unlawful use of Plaintiffs' valuable trademarks in connection with Defendants' sale and advertisement of counterfeit goods through at least 52 websites (the "**<u>Infringing Websites</u>**") and other online platforms, such as social medial accounts (the "**<u>Infringing Social Media</u>**", together the "**<u>Infringing Platforms</u>**").

2.      Consumers instantly recognize the various trademarks used to identify the goods merchandised or manufactured by Nike and Converse (collectively, the "**<u>Plaintiff's Marks</u>**"). Over the years, millions of consumers have been exposed to the famous, arbitrary and fanciful

trademarks utilized by Nike and Converse through various platforms, including Plaintiffs'
extensive advertising campaigns, through magazines and other periodicals, as depicted on
television and in motion pictures, on the Internet, through social media, celebrity endorsements,
and in other forms of unsolicited media coverage.  As a result, Plaintiffs' respective trademarks
have both deep, widespread exposure and recognition in the marketplace.  Plaintiffs' Marks are
among the most widely-recognized trademarks in the United States and around the world, as well
as among the most popular with consumers.  The fame and popularity of Plaintiffs' Marks adds
enormous value to the authentic products that bear Plaintiffs' Marks ("**Plaintiffs Products**" and,
separately, "**Nike Products**" and "**Converse Products**").

3.      The Defendants, who have no affiliation with Nike or Converse, have attempted to
capitalize on the popularity of the Plaintiffs' Marks by manufacturing and marketing counterfeit
products falsely labeled as "Nike" or "Converse" (the "**Counterfeit Products**").  The
Defendants in this action operate multiple counterfeiting networks (the "**Networks**") of websites
and other online presences.  As reflected in Exhibit 1, Plaintiffs have identified 52 Infringing
Websites, which are operated through counterfeiting Networks (identified below and in Exhibit 1
as Networks 1-52).  Each of Defendants' 98 Infringing Websites identified in Exhibits 2 and 7 is
currently, or was within the past twelve months, advertising, offering to sell, and/or selling
counterfeit Nike or Converse products to United States consumers.  As reflected in Exhibit 4,
Plaintiffs have identified 267 Infringing Social Media handles associated with Defendants, each
of which is currently, or was within the past twelve months, advertising, offering to sell, and/or
selling counterfeit Nike or Converse products to United States consumers or directing United
States consumers to Defendants' related Infringing Websites.

4.      To ensure that consumers make the association between Defendants' Counterfeit Products and the genuine Nike Products and Converse Products from which they were copied, Defendants not only copy the designs, patterns and color schemes associated with Plaintiffs' Products, but also expressly identify the Counterfeit Products as "Nike" or "Converse" products. Further, Defendants make unauthorized use of Plaintiffs' Marks, including the trademark-protected "Nike" and "Converse" names, throughout the Infringing Websites and Infringing Social Media on which these goods are advertised or offered for sale to consumers in the United States and this District.

5.      Defendants have marketed, advertised, manufactured and sold their Counterfeit Products without Plaintiffs' permission, authorization, or approval.  Defendants' conduct is likely to cause, and has caused, consumers mistakenly to believe that the Counterfeit Products sold and promoted by Defendants either are authentic Nike or Converse Products, are produced by Defendants under a license agreement, joint venture, or other form of authorization by Plaintiffs, or are otherwise endorsed by, authorized by, or affiliated with Plaintiffs, either at the point of sale, by the recipient of a gift, or when consumers and potential consumers see the Counterfeit Products in use.

6.      For these and other reasons, Defendants have caused and, unless enjoined, will continue to cause, irreparable harm to Plaintiffs, and an incalculable loss of goodwill and damages.

## PARTIES

### Plaintiff

7.      Plaintiff Nike, Inc. is an Oregon corporation with its principal place of business at One Bowerman Drive, Beaverton, Oregon 97005-6453.  Nike is registered to do business in the State of New York, operates its "House of Innovation 000" on the corner of Fifth Avenue and 52nd

Street in Manhattan and maintains multiple stores in New York, offers its products for sale to consumers based in New York, and is the owner of the Nike trademarks at issue in this action.

8.      Plaintiff Converse Inc. is a Delaware corporation with its principal place of business at 1 Lovejoy Wharf, Boston, MA, 02114.  Converse is registered to do business in the State of New York, operates a flagship store on Broadway in New York City's SOHO neighborhood and maintains multiple stores in New York, offers its products for sale to consumers based in New York, and is the owner of the Converse trademarks at issue in this action.  Converse is a wholly-owned subsidiary of Nike, Inc.

**Defendants**

9.      Upon information and belief, Defendants are individuals and entities, both known and unknown, who are members of various Networks of international counterfeiters, all of whom sell Counterfeit Products which infringe on Plaintiffs' Marks.

10.      Defendants have used tactics to conceal their true identities and the full scope of their counterfeiting operations, making it impossible for Plaintiffs to learn Defendants' true identities and the exact interworking of their counterfeit Networks.  If Defendants provide additional credible information regarding their identities, Plaintiffs will take appropriate steps to amend this Complaint.

11.      Upon information and belief, the majority of Defendants reside and/or operate their illicit counterfeiting scheme in the People's Republic of China, Malaysia, and other foreign jurisdictions.

**Network 1 Defendants**

12.      Upon information and belief, Network 1 consists of 3 Infringing Websites, 2 known Defendant names, and 2 email addresses, and 5 Infringing Social Media accounts, as well as

other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely-related network of counterfeiters (collectively, the "**Network 1 Defendants**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 1."

13.    These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and is associated in a public manner with Network 1.

14.    In order to uncover identifying information of the Network 1 Defendants, on September 11, 2023, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Supreme X Nike SB DunkLow "Rammellee" sneakers, from the website rimisneaker.ru, which is part of Network 1. This product was shipped to New York.  Plaintiff has verified that this product is counterfeit.

15.    Plaintiffs have reason to believe that Defendants Shiby NY Inc. and Ming Fu Hong Trading Limited, doing business as Infringing Websites rimisneaker.ru, rimisneaker.cc, and rimisneaker.us, and through the email addresses rimisneaker@gmail.com and sz@baofuplus.com, and the Infringing Social Media accounts rimisneaker_1 (Instagram) and 8615622391330 (Whatsapp) and 8617359417330 (Whatsapp) and UCMtsBM93bWwMNIbYKuLEY8Q (Youtube) and rimisneaker (WeChat), is part of Network 1 and is an individual or entity whose, upon information and belief, actual name and address is currently unknown.  Upon information and belief, Defendant doing business as rimisneaker.ru, rimisneaker.cc, and rimisneaker.us has acted in conjunction with all the Network 1 Defendants,

including the Infringing Websites, Infringing Social Media accounts, email address, and names, as set forth in Exhibit 1, and including any individuals or entities whose actual names and addresses are currently unknown.

16.     Upon information and belief, the Network 1 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious force behind the operation of the fully interactive, commercial websites available at the Uniform Resource Locators ("**URLs**") as well as other online platforms, including social media sites listed in Exhibit 1 under the heading "Defendants – Network 1."

17.     By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 1 Defendants willfully infringed various valuable, federally protected Nike and Converse trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 6 under the heading "Defendants – Network 1."

**Network 2 Defendants**

18.     Upon information and belief, Network 2 consists of 5 Infringing Websites, 2 known Defendant names, and 5 email addresses, and 17 Infringing Social Media accounts, as well as other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely-related network of counterfeiters (collectively, the "**Network 2 Defendants**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 2."

19.     These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and is associated in a public manner with Network 2.

20.     In order to uncover identifying information of the Network 2 Defendants, on August 22, 2023, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Air Jordan 1 X Fragment X Travis Scott, from the website bstsneaker.com, which is part of Network 2.  This product was shipped to New York.  Plaintiff has verified that this product is counterfeit.

21.     Plaintiffs have reason to believe that Defendant Mr. Wang doing business as merchant account $ytrading616, Infringing Website bstsneaker.com and bstsneakers.com and songsneaker.com and stockxshoes.com and stockxshoesvip.com, and through the email addresses amy@bstsneaker.com and amy@bstsneakers.com and info@smartselfbalancewheel.com and maysong@songsneaker.com and service@stockxshoes.com, and the Infringing Social Media accounts 18950744921 (WeChat) and 85244048557 (Whatsapp) and 85297976425 (Whatsapp) 8613646012644 (Whatsapp) and 8618950744921 (Whatsapp) and SongSneaker-105636734730124 (Facebook) and UCW6c2Qjjrc_eRBttl6F-nUQ (Youtube) and UCiVgTu562GBKYVETpPrNCHA (Youtube) and UCoxkgQebYcC7Wpnc4q5Ykzg (Youtube) and UCtnTC07rJe8fiIoxg5xc5qg (Youtube) and bstsneaker.store (Instagram) and bstsneakers.store (Instagram) and bstsneakersofficial (Instagram) and r/BSTReps (Reddit) and r/Stockxshoescom (Reddit) and stockxshoes_tt (Instagram) and stockxshoes_xx2 (Instagram), is part of Network 2 and is an individual or entity whose, upon information and belief, actual name and address is currently unknown.  Upon information and belief, Defendant doing business as bstsneaker.com and bstsneakers.com and

songsneaker.com and stockxshoes.com and stockxshoesvip.com has acted in conjunction with all the Network 2 Defendants, including the Infringing Websites, Infringing Social Media accounts, email addresses, and names, as set forth in Exhibit 1, and including any individuals or entities whose actual names and addresses are currently unknown.  Upon information and belief, the Network 2 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious force behind the operation of the fully interactive, commercial websites available at the URLs as well as other online platforms, including social media sites listed in Exhibit 1 under the heading "Defendants – Network 2."

22.     By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 2 Defendants willfully infringed various valuable, federally protected Nike and Converse trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 6 under the heading "Defendants – Network 2."

**Network 3 Defendants**

23.     Upon information and belief, Network 3 consists of 3 Infringing Websites, and 1 email address, and 7 Infringing Social Media accounts, as well as other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely-related network of counterfeiters (collectively, the "**Network 3 Defendants**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 3."

24.    These Infringing Websites and Infringing Social Media are all connected through a

number of unique identifiers such as email addresses, website analytic information, and social

media accounts that are controlled by one or more Defendants in the Network and is associated

in a public manner with Network 3.

25.    In order to uncover identifying information of the Network 3 Defendants, on October 20,

2023, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Nike Air Max Scorpion

FK Lunar New Year Leap High, from the website cocoshoesvip.com, which is part of Network

3.  This product was shipped to New York.  Plaintiff has verified that this product is counterfeit.

26.    Plaintiffs have reason to believe that Defendant doing business as Infringing Websites

cocoshoesvip.com and cocoshoes.net and bagsmalles.com, and through the email address

cocoshoes2011@gmail.com, and the Infringing Social Media Accounts 85264329578

(Whatsapp) COCO-SHOES-108421181587233 (Facebook) UCbFWidqtG9P82KIW81RbNlQ

(Youtube) cocoshoesjing_ (Instagram) cocoshoesnet (Instagram) and cocoshoesshop_

(Instagram) and 18950744921 (Wechat), is part of Network 3 and is an individual or entity

whose, upon information and belief, actual name and address is currently unknown.  Upon

information and belief, Defendant doing business as cocoshoesvip.com and cocoshoes.net and

bagsmalles.com has acted in conjunction with all the Network 3 Defendants, including the

Infringing Websites, Infringing Social Media accounts, email addresses, and names, as set forth

in Exhibit 1, and including any individuals or entities whose actual names and addresses are

currently unknown.

27.    Upon information and belief, the Network 3 Defendants have made a conscious decision

to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious

force behind the operation of the fully interactive, commercial websites available at the URLs as

well as other online platforms, including social media sites listed in Exhibit 1 under the heading "Defendants – Network 3."

28.     By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 3 Defendants willfully infringed various valuable, federally protected Nike and Converse trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 6 under the heading "Defendants – Network 3."

**<u>Network 4 Defendants</u>**

29.     Upon information and belief, Network 4 consists of 1 Infringing Website, 4 email addresses, and 8 Infringing Social Media accounts, as well as other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely-related network of counterfeiters (collectively, the "**<u>Network 4 Defendants</u>**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 4."

30.     These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and is associated in a public manner with Network 4.

In order to uncover identifying information of the Network 4 Defendants, on July 17, 2023, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Air Force 1 Tiffany, from the

website buykicks.me, which is part of Network 4.  This product was shipped to New York.

Plaintiff has verified that this product is counterfeit.

31.    Plaintiffs have reason to believe that Defendant doing business as Infringing Website

buykicks.me, and through the email addresses buykicks888@163.com and

buykicks888@gmail.com and 8618171220597 (Whatsapp) and 861886529701 (Whatsapp) and

buykicks88 (Instagram) and nicejordansnet3 (Instagram) and shoeboxes068 (Instagram) and

8618171220597 (Wechat) and 861886529701 (Wechat) and 8618086529701 (Whatsapp), is part

of Network 4 and is an individual or entity whose, upon information and belief, actual name and

address is currently unknown.  Upon information and belief, Defendant doing business as

buykicks.me, has acted in conjunction with all the Network 4 Defendants, including the

Infringing Websites, Infringing Social Media accounts, email addresses, and names, as set forth

in Exhibit 1, and including any individuals or entities whose actual names and addresses are

currently unknown.

32.    Upon information and belief, the Network 4 Defendants have made a conscious decision

to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious

force behind the operation of the fully interactive, commercial websites available at the URLs as

well as other online platforms, including social media sites listed in Exhibit 1 under the heading

"Defendants – Network 4."

33.    By selling and offering to sell Counterfeit Products to the consuming public through the

Infringing Platforms, the Network 4 Defendants willfully infringed various valuable, federally

protected Nike and Converse trademarks in connection with the sale, offering for sale, and

distribution of the specific types of goods set forth in Exhibit 6 under the heading "Defendants –

Network 4."

**Network 5 Defendants**

34.    Upon information and belief, Network 5 consists of 1 Infringing Website, 1 known

Defendant name, and 2 email addresses, and 4 Infringing Social Media accounts, as well as other

ABC Companies and John Does whose actual names and other identifying information are

currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a

closely-related network of counterfeiters (collectively, the "**Network 5 Defendants**").  The

aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email

addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1

under the heading "Defendants – Network 5."

35.    These Infringing Websites and Infringing Social Media are all connected through a

number of unique identifiers such as email addresses, website analytic information, and social

media accounts that are controlled by one or more Defendants in the Network and is associated

in a public manner with Network 5.

36.    In order to uncover identifying information of the Network 5 Defendants, on July 25,

2023, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Desert Ore Owf Air Max

90 Off-White sneakers, from the website carlsneaker.com, which is part of Network 5. This

product was shipped to New York.  Plaintiff has verified that this product is counterfeit.

37.    Plaintiffs have reason to believe that Defendant Joom E-Commerce Company Limited,

doing business as Infringing Website carlsneaker.com, and through the email addresses

baowu66520@163.com and carlkicks.com@gmail.com, and the Infringing Social Media

accounts 18396000349 (Whatsapp) and 8618396000349 (Whatsapp) and carlkicks (WeChat) and

carlkicks1 (Instagram), is part of Network 5 and is an individual or entity whose, upon

information and belief, actual name and address is currently unknown.  Upon information and

belief, Defendant doing business as carlsneaker.com has acted in conjunction with all the Network 5 Defendants, including the Infringing Websites, Infringing Social Media accounts, email addresses, and names, as set forth in Exhibit 1, and including any individuals or entities whose actual names and addresses are currently unknown.

38.     Upon information and belief, the Network 5 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious force behind the operation of the fully interactive, commercial websites available at the URLs as well as other online platforms, including social media sites listed in Exhibit 1 under the heading "Defendants – Network 5."

39.     By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 5 Defendants willfully infringed various valuable, federally protected Nike and Converse trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 6 under the heading "Defendants – Network 5."

**Network 6 Defendants**

40.     Upon information and belief, Network 6 consists of 1 Infringing Website, 2 email addresses, and 4 Infringing Social Media accounts, as well as other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely-related network of counterfeiters (collectively, the "**Network 6 Defendants**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 6."

41.    These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and is associated in a public manner with Network 6.

42.    In order to uncover identifying information of the Network 6 Defendants, on July 25, 2023, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Air Jordan 4 Retro Black Cat sneakers, from the website ddkicks.net, which is part of Network 6.  This product was shipped to New York.  Plaintiff has verified that this product is counterfeit.

43.    Plaintiffs have reason to believe that Defendant doing business as Infringing Website ddkicks.net, and through the email addresses chenyansong7706@outlook.com and ddkicks2009@gmail.com, and the Infringing Social Media accounts 8617359057025 (Whatsapp) and UC-A9EoPxlEYZjAsyaRBGcjA (Youtube) and ddkicks2009 (Instagram) and r/ddkicks (Reddit), is part of Network 6 and is an individual or entity whose, upon information and belief, actual name and address is currently unknown.  Upon information and belief, Defendant doing business as ddkicks.net has acted in conjunction with all the Network 6 Defendants, including the Infringing Websites, Infringing Social Media accounts, email addresses, and names, as set forth in Exhibit 1, and including any individuals or entities whose actual names and addresses are currently unknown.

44.    Upon information and belief, the Network 6 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious force behind the operation of the fully interactive, commercial websites available at the URLs as well as other online platforms, including social media sites listed in Exhibit 1 under the heading "Defendants – Network 6."

45.    By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 6 Defendants willfully infringed various valuable, federally protected Nike and Converse trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 6 under the heading "Defendants – Network 6."

**Network 7 Defendants**

46.    Upon information and belief, Network 7 consists of 2 Infringing Websites, 1 known Defendant names, and 3 email addresses, and 8 Infringing Social Media accounts, as well as other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely-related network of counterfeiters (collectively, the "**Network 7 Defendants**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 7."

47.    These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and is associated in a public manner with Network 7.

48.    In order to uncover identifying information of the Network 7 Defendants, on July 26, 2023, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Ljr Jordan 1 Retro High White University Blue Black sneakers, from the website hotkicks.cc, which is part of Network 7. This product was shipped to New York.  Plaintiff has verified that this product is counterfeit.

49.     Plaintiffs have reason to believe that Defendant GDLEYU Inc. doing business as Infringing Websites hotkicks.cc and hotkicks.org, and through the email addresses hotkicks.cc@gmail.com and hotkicks666@gmail.com and LQG7183167666@gmail.com, and the Infringing Social Media accounts 16167554659 (Whatsapp) and 85257671726 (Whatsapp) and hotkicks.cc (Facebook) and hotkicks.cc2 (Instagram) and hotkicks.org (Facebook) and hotkicks_official (Instagram) and hotkicksorg.official2 (Instagram) and r/HotKicks_Offical (Reddit), is part of Network 7 and is an individual or entity whose, upon information and belief, actual name and address is currently unknown.  Upon information and belief, Defendant doing business as hotkicks.cc has acted in conjunction with all the Network 7 Defendants, including the Infringing Websites, Infringing Social Media accounts, email addresses, and names, as set forth in Exhibit 1, and including any individuals or entities whose actual names and addresses are currently unknown.

50.     Upon information and belief, the Network 7 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious force behind the operation of the fully interactive, commercial websites available at the URLs as well as other online platforms, including social media sites listed in Exhibit 1 under the heading "Defendants – Network 7."

51.     By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 7 Defendants willfully infringed various valuable, federally protected Nike and Converse trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 6 under the heading "Defendants – Network 7."

**Network 8 Defendants**

52.    Upon information and belief, Network 8 consists of 3 Infringing Websites, 1 known

Defendant name, and 2 email addresses, and 4 Infringing Social Media accounts, as well as other

ABC Companies and John Does whose actual names and other identifying information are

currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a

closely-related network of counterfeiters (collectively, the "**Network 8 Defendants**").  The

aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email

addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1

under the heading "Defendants – Network 8."

53.    These Infringing Websites and Infringing Social Media are all connected through a

number of unique identifiers such as email addresses, website analytic information, and social

media accounts that are controlled by one or more Defendants in the Network and is associated

in a public manner with Network 8.

54.    In order to uncover identifying information of the Network 8 Defendants, on July 17,

2023, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Jordan 3 Retro Racer

Blue sneakers, from the website hypeunique.is, which is part of Network 8.  This product was

shipped to New York.  Plaintiff has verified that this product is counterfeit.

55.    Plaintiffs have reason to believe that Defendant GDLEYU Inc., doing business as

Infringing Websites hypeunique.is and hypeunique.com and hypeunique.me and through the

email addresses cshypeunique@gmail.com and lqg718316766@gmail.com, and the Infringing

Social Media accounts 85251750050 (Whatsapp) and UCRdNAICN3iK_tZjr3yrjjdA (Youtube)

and hypeunique.review (Instagram) and hypeunique__review (Instagram), is part of Network 8

and is an individual or entity whose, upon information and belief, actual name and address is

currently unknown.  Upon information and belief, Defendant doing business as <u>hypeunique.is</u> and <u>hypeunique.com</u> and <u>hypeunique.me</u> has acted in conjunction with all the Network 8 Defendants, including the Infringing Websites, Infringing Social Media accounts, email addresses, and names, as set forth in Exhibit 1, and including any individuals or entities whose actual names and addresses are currently unknown.

56.    Upon information and belief, the Network 8 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious force behind the operation of the fully interactive, commercial websites available at the URLs as well as other online platforms, including social media sites listed in Exhibit 1 under the heading "Defendants – Network 8."

57.    By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 8 Defendants willfully infringed various valuable, federally protected Nike and Converse trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 6 under the heading "Defendants – Network 8."

**<u>Network 9 Defendants</u>**

58.    Upon information and belief, Network 9 consists of 1 Infringing Website, 1 known Defendant name, and 2 email addresses, and 3 Infringing Social Media accounts, as well as other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely-related network of counterfeiters (collectively, the "**<u>Network 9 Defendants</u>**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email

addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 9."

59.     These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and is associated in a public manner with Network 9.

60.     In order to uncover identifying information of the Network 9 Defendants, on July 17, 2023, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Air Jordan 4 "Red Thunder" sneakers, from the website kickmax.ru, which is part of Network 9.  This product was shipped to New York.  Plaintiff has verified that this product is counterfeit.

61.     Plaintiffs have reason to believe that Defendant EFX Fashion Inc. doing business as Infringing Website kickmax.ru, and through the email addresses kickmax08@gmail.com and Delta1879@outlook.com, and the Infringing Social Media accounts 85368525066 (Whatsapp) and gslucky88 (Instagram) and kickmax0 (Instagram), is part of Network 9 and is an individual or entity whose, upon information and belief, actual name and address is currently unknown. Upon information and belief, Defendant doing business as kickmax.ru has acted in conjunction with all the Network 9 Defendants, including the Infringing Websites, Infringing Social Media accounts, email addresses, and names, as set forth in Exhibit 1, and including any individuals or entities whose actual names and addresses are currently unknown.

62.     Upon information and belief, the Network 9 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious force behind the operation of the fully interactive, commercial websites available at the URLs as

well as other online platforms, including social media sites listed in Exhibit 1 under the heading "Defendants – Network 9."

63.    By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 9 Defendants willfully infringed various valuable, federally protected Nike and Converse trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 6 under the heading "Defendants – Network 9."

**Network 10 Defendants**

64.    Upon information and belief, Network 10 consists of 3 Infringing Websites, 2 email addresses, and 7 Infringing Social Media accounts, as well as other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely-related network of counterfeiters (collectively, the "**Network 10 Defendants**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 10."

65.    These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and is associated in a public manner with Network 10.

66.    In order to uncover identifying information of the Network 10 Defendants, on August 29, 2023, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Nike SB Dunk Low Pro

Why So Sad? Manes sneakers, from the website kickscentral.cc, which is part of Network 10. This product was shipped to New York.  Plaintiff has verified that this product is counterfeit.

67.    Plaintiffs have reason to believe that Defendant doing business as Infringing Websites kickscentral.cc and kickscentral.me and killone.x.yupoo.com, and through the email addresses kickscentralnet@gmail.com and 5258430008@qq.com, and through Infringing Social Media accounts 8618250518099 (Whatsapp) and kicks_wow (Instagram) and pinkkickz (Instagram) UCLOCBVp7Np1mfjGVDtok3EA (Youtube) and kickscentral (WeChat) and kicksfollow (Instagram) and r/kickscentral (Reddit), is part of Network 10 and is an individual or entity whose, upon information and belief, actual name and address is currently unknown.  Upon information and belief, Defendant doing business as kickscentral.cc has acted in conjunction with all the Network 10 Defendants, including the Infringing Websites, Infringing Social Media accounts, email addresses, and names, as set forth in Exhibit 1, and including any individuals or entities whose actual names and addresses are currently unknown.

68.    Upon information and belief, the Network 10 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious force behind the operation of the fully interactive, commercial websites available at the URLs as well as other online platforms, including social media sites listed in Exhibit 1 under the heading "Defendants – Network 10."

69.    By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 10 Defendants willfully infringed various valuable, federally protected Nike and Converse trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 6 under the heading "Defendants – Network 10."

**Network 11 Defendants**

70.     Upon information and belief, Network 11 consists of 2 Infringing Websites, 1 known
Defendant names, and 2 email addresses, and 11 Infringing Social Media accounts, as well as
other ABC Companies and John Does whose actual names and other identifying information are
currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a
closely-related network of counterfeiters (collectively, the "**Network 11 Defendants**").  The
aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email
addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1
under the heading "Defendants – Network 11."

71.     These Infringing Websites and Infringing Social Media are all connected through a
number of unique identifiers such as email addresses, website analytic information, and social
media accounts that are controlled by one or more Defendants in the Network and is associated
in a public manner with Network 11.

72.     In order to uncover identifying information of the Network 11 Defendants, on July 17,
2023, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Godkiller Nike Kobe 6
Protro Eybl 2.0 sneakers, from the website kickwho.xyz, which is part of Network 11.  This
product was shipped to New York.  Plaintiff has verified that this product is counterfeit.

73.     Plaintiffs have reason to believe that Defendant doing business as merchant account
misstylea, Infringing Websites kickwho.xyz and kickwho.cc, and through the email addresses
admin@kickwho.org and kickwhoofficial@gmail.com, and Infringing Social Media accounts
85253741963 (Whatsapp) and 85255139716 (Whatsapp) and 85291452559 (Whatsapp) and
8613023858310 (Whatsapp) and kickwho (WeChat) and kickwho-snkrs (WeChat) and
kwsnkrs.review (Instagram) and r/kickwho (Reddit) and shoe_reviewss (Instagram) and

u/kickwho_l (Reddit), is part of Network 11 and is an individual or entity whose, upon information and belief, actual name and address is currently unknown.  Upon information and belief, Defendant doing business as kickwho.xyz has acted in conjunction with all the Network 11 Defendants, including the Infringing Websites, Infringing Social Media accounts, email addresses, and names, as set forth in Exhibit 1, and including any individuals or entities whose actual names and addresses are currently unknown.

74.     Upon information and belief, the Network 11 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious force behind the operation of the fully interactive, commercial websites available at the URLs as well as other online platforms, including social media sites listed in Exhibit 1 under the heading "Defendants – Network 11."

75.     By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 11 Defendants willfully infringed various valuable, federally protected Nike and Converse trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 6 under the heading "Defendants – Network 11."

**Network 12 Defendants**

76.     Upon information and belief, Network 12 consists of 1 Infringing Website, 2 known Defendant name, and 3 email addresses, as well as other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely-related network of counterfeiters (collectively, the "**Network 12 Defendants**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to

be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants –

Network 12."

77.     These Infringing Websites and Infringing Social Media are all connected through a

number of unique identifiers such as email addresses, website analytic information, and social

media accounts that are controlled by one or more Defendants in the Network and is associated

in a public manner with Network 12.

78.     In order to uncover identifying information of the Network 12 Defendants, on July 17,

2023, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Air Jordan 1 Low White

Pollen sneakers, from the website kickzlucas.com, which is part of Network 12.  This product

was shipped to New York.  Plaintiff has verified that this product is counterfeit.

79.     Plaintiffs have reason to believe that Defendants Joom E-Commerce Company Limited

and Xiamen Tongan District Donghongqi Trading Co., Ltd. (厦门同安区东虹启贸易有限公司

）, doing business as Infringing Website kickzlucas.com, and through the email addresses

sneaker1908@outlook.com and yaozee@hotmail.com, and through Infringing Social Media

accounts 8613959504723 (Whatsapp) and kickzlucasofficial (Instagram), is part of Network 12

and is an individual or entity whose, upon information and belief, actual name and address is

currently unknown.  Upon information and belief, Defendant doing business as kickzlucas.com

has acted in conjunction with all the Network 12 Defendants, including the Infringing Websites,

email addresses, and names, as set forth in Exhibit 1, and including any individuals or entities

whose actual names and addresses are currently unknown.

80.     Upon information and belief, the Network 12 Defendants have made a conscious decision

to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious

force behind the operation of the fully interactive, commercial websites available at the URLs as well as other online platforms, listed in Exhibit 1 under the heading "Defendants – Network 12."

81.    By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 12 Defendants willfully infringed various valuable, federally protected Nike and Converse trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 6 under the heading "Defendants – Network 12."

**Network 13 Defendants**

82.    Upon information and belief, Network 13 consists of 2 Infringing Websites, 1 known Defendant names, and 2 email addresses, and 4 Infringing Social Media accounts, as well as other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely-related network of counterfeiters (collectively, the "**Network 13 Defendants**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 13."

83.    These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and is associated in a public manner with Network 13.

84.    In order to uncover identifying information of the Network 13 Defendants, on July 25, 2023, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Nike Dunk Low

Bordeaux sneakers, from the website lgrose.ru, which is part of Network 13. This product was shipped to New York. Plaintiff has verified that this product is counterfeit.

85.    Plaintiffs have reason to believe that Defendant Guoxiong Lin, doing business as Infringing Websites lgrose.ru and xbl0594.x.yupoo.com, and through the email addresses lgroseru@outlook.com and guolinleov@yeah.net, and the Infringing Social Media accounts 8613599017477 (Whatsapp) and 8613599462933 (Whatsapp) and lgrose.ru (Instagram) and lgroseru55 (Instagram), is part of Network 13 and is an individual or entity whose, upon information and belief, actual name and address is currently unknown. Upon information and belief, Defendant doing business as lgrose.ru has acted in conjunction with all the Network 13 Defendants, including the Infringing Websites, Infringing Social Media accounts, email addresses, and names, as set forth in Exhibit 1, and including any individuals or entities whose actual names and addresses are currently unknown.

86.    Upon information and belief, the Network 13 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious force behind the operation of the fully interactive, commercial websites available at the URLs as well as other online platforms, including social media sites listed in Exhibit 1 under the heading "Defendants – Network 13."

87.    By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 13 Defendants willfully infringed various valuable, federally protected Nike and Converse trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 6 under the heading "Defendants – Network 13."

**Network 14 Defendants**

88.     Upon information and belief, Network 14 consists of 1 Infringing Website, 2 known Defendant names, and 2 email addresses, and 3 Infringing Social Media accounts, as well as other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely-related network of counterfeiters (collectively, the "**Network 14 Defendants**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 14."

89.     These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and is associated in a public manner with Network 14.

90.     In order to uncover identifying information of the Network 14 Defendants, on July 17, 2023, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Concepts X Nike Sb Dunk Low Orange Lobster sneakers, from the website lkkiks.com, which is part of Network 14. This product was shipped to New York.  Plaintiff has verified that this product is counterfeit.

91.     Plaintiffs have reason to believe that Defendants Xianguo Zhou and Bo Ying Trading Hong Kong Limited, doing business as Infringing Website lkkiks.com, and through the email addresses lkkikspro@gmail.com and zxg0508@yeah.net, and the Infringing Social Media accounts 8613459075059 (Whatsapp) and lkkiks (WeChat) and lkkiks_com (Instagram), is part of Network 14 and is an individual or entity whose, upon information and belief, actual name and address is currently unknown.  Upon information and belief, Defendant doing business as

lkkiks.com has acted in conjunction with all the Network 14 Defendants, including the Infringing Websites, Infringing Social Media accounts, email addresses, and names, as set forth in Exhibit 1, and including any individuals or entities whose actual names and addresses are currently unknown.

92.     Upon information and belief, the Network 14 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious force behind the operation of the fully interactive, commercial websites available at the URLs as well as other online platforms, including social media sites listed in Exhibit 1 under the heading "Defendants – Network 14."

93.     By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 14 Defendants willfully infringed various valuable, federally protected Nike and Converse trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 6 under the heading "Defendants – Network 14."

**Network 15 Defendants**

94.     Upon information and belief, Network 15 consists of 1 Infringing Website, 2 email address, and 5 Infringing Social Media accounts, as well as other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely-related network of counterfeiters (collectively, the "**Network 15 Defendants**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 15."

95.     These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and is associated in a public manner with Network 15.

96.     In order to uncover identifying information of the Network 15 Defendants, on July 26, 2023, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Jordan 4 Retro Sb Pine Green sneakers, from the website 888kicks.ru, which is part of Network 15. This product was shipped to New York.  Plaintiff has verified that this product is counterfeit.

97.     Plaintiffs have reason to believe that Defendant doing business as Infringing Website 888kicks.ru, and through the email addresses service@888kicks.ru and zhongwei6983@outlook.com, and the Infringing Social Media accounts 85254929956 (Whatsapp) and 8617396500129 (Whatsapp) and UC_sm5K0xcii0FEZKm4TQYKQ (Youtube) and love888kicks (Instagram) and r/888kicks (Reddit), is part of Network 15 and is an individual or entity whose, upon information and belief, actual name and address is currently unknown. Upon information and belief, Defendant doing business as 888kicks.ru has acted in conjunction with all the Network 15 Defendants, including the Infringing Websites, Infringing Social Media accounts, email addresses, and names, as set forth in Exhibit 1, and including any individuals or entities whose actual names and addresses are currently unknown.

98.     Upon information and belief, the Network 15 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious force behind the operation of the fully interactive, commercial websites available at the URLs as well as other online platforms, including social media sites listed in Exhibit 1 under the heading "Defendants – Network 15."

99.    By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 15 Defendants willfully infringed various valuable, federally protected Nike and Converse trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 6 under the heading "Defendants – Network 15."

**Network 16 Defendants**

100.    Upon information and belief, Network 16 consists of 1 Infringing Website, 1 known Defendant names, and 2 email addresses, and 7 Infringing Social Media accounts, as well as other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely-related network of counterfeiters (collectively, the "**Network 16 Defendants**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 16."

101.    These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and is associated in a public manner with Network 16.

102.    In order to uncover identifying information of the Network 16 Defendants, on July 17, 2023, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Nba 2k20 X Kobe 5 Protro "Chaos Alternate" sneakers, from the website mangomeee.com, which is part of Network 16. This product was shipped to New York.  Plaintiff has verified that this product is counterfeit.

103.    Plaintiffs have reason to believe that Defendant Mika Technology Co. Limited, doing business as Infringing Website mangomeee.com, and through the email addresses blackstore19@163.com and shiyingliao1@gmail.com, and the Infringing Social Media accounts 8613255911553 (Whatsapp) and 8617759076897 (Whatsapp) and mangofamilyshoes (WeChat) and mangomeee (WeChat) and mangomeee.snkr (Instagram) and mangomeee.snkrr (Instagram) and mangomeee2022 (Instagram), is part of Network 16 and is an individual or entity whose, upon information and belief, actual name and address is currently unknown.  Upon information and belief, Defendant doing business as mangomeee.com has acted in conjunction with all the Network 16 Defendants, including the Infringing Websites, Infringing Social Media accounts, email addresses, and names, as set forth in Exhibit 1, and including any individuals or entities whose actual names and addresses are currently unknown.

104.    Upon information and belief, the Network 16 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious force behind the operation of the fully interactive, commercial websites available at the URLs as well as other online platforms, including social media sites listed in Exhibit 1 under the heading "Defendants – Network 16."

105.    By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 16 Defendants willfully infringed various valuable, federally protected Nike and Converse trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 6 under the heading "Defendants – Network 16."

**Network 17 Defendants**

106.    Upon information and belief, Network 17 consists of 1 Infringing Website, 3 email addresses, and 6 Infringing Social Media accounts, as well as other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely-related network of counterfeiters (collectively, the "**Network 17 Defendants**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 17."

107.    These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and is associated in a public manner with Network 17.

108.    In order to uncover identifying information of the Network 17 Defendants, on July 17, 2023, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Og Nike Sb Dunk Low Philladelphia Phillies neakers, from the website mangomeee.co, which is part of Network 17. This product was shipped to New York.  Plaintiff has verified that this product is counterfeit.

109.    Plaintiffs have reason to believe that Defendant doing business as Infringing Website mangomeee.co, and through the email addresses lesslieuey@gmail.com and 2803417414@qq.com and mangomeeeofficial@163.com, and the Infringing Social Media accounts 85252610300 (Whatsapp) and 85265997053 (Whatsapp) and 447927522960 (Whatsapp) and UC3G1SHtuPYzJjtHLKfXcENw (Youtube) and mangomeee_official (Instagram) and mangomeeeclub (Instagram), is part of Network 17 and is an individual or entity

whose, upon information and belief, actual name and address is currently unknown. Upon

information and belief, Defendant doing business as mangomeee.co has acted in conjunction

with all the Network 17 Defendants, including the Infringing Websites, Infringing Social Media

accounts, email addresses, and names, as set forth in Exhibit 1, and including any individuals or

entities whose actual names and addresses are currently unknown.

110.    Upon information and belief, the Network 17 Defendants have made a conscious decision

to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious

force behind the operation of the fully interactive, commercial websites available at the URLs as

well as other online platforms, including social media sites listed in Exhibit 1 under the heading

"Defendants – Network 17."

111.    By selling and offering to sell Counterfeit Products to the consuming public through the

Infringing Platforms, the Network 17 Defendants willfully infringed various valuable, federally

protected Nike and Converse trademarks in connection with the sale, offering for sale, and

distribution of the specific types of goods set forth in Exhibit 6 under the heading "Defendants –

Network 17."

**Network 18 Defendants**

112.    Upon information and belief, Network 18 consists of 1 Infringing Website, 1 known

Defendant names, and 3 email addresses, and 7 Infringing Social Media accounts, as well as

other ABC Companies and John Does whose actual names and other identifying information are

currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a

closely-related network of counterfeiters (collectively, the "**Network 18 Defendants**"). The

aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email

addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 18."

113.    These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and is associated in a public manner with Network 18.

114.    In order to uncover identifying information of the Network 18 Defendants, on July 25, 2023, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Nike Kobe 6 Protro Mambacita Sweet 16 sneakers, from the website monicasneaker.cc, which is part of Network 18. This product was shipped to New York.  Plaintiff has verified that this product is counterfeit.

115.    Plaintiffs have reason to believe that Defendant Ming Fu Hong Trading Limited, doing business as Infringing Website monicasneaker.cc, and through the email addresses 921478041@qq.com and monicasneaker@gmail.com and ellen143feng@hotmail.com, and the Infringing Social Media accounts 8617007357135 (Whatsapp) and 8618396001806 (Whatsapp) and 8618396001806 (WeChat) and monicasneaker.ccc (Instagram) and 8617189364043 (Phone) and r/monicasneaker (Reddit) and u/og_monica (Reddit), is part of Network 18 and is an individual or entity whose, upon information and belief, actual name and address is currently unknown.  Upon information and belief, Defendant doing business as monicasneaker.cc has acted in conjunction with all the Network 18 Defendants, including the Infringing Websites, Infringing Social Media accounts, email addresses, and names, as set forth in Exhibit 1, and including any individuals or entities whose actual names and addresses are currently unknown.

116.    Upon information and belief, the Network 18 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious

force behind the operation of the fully interactive, commercial websites available at the URLs as well as other online platforms, including social media sites listed in Exhibit 1 under the heading "Defendants – Network 18."

117.    By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 18 Defendants willfully infringed various valuable, federally protected Nike and Converse trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 6 under the heading "Defendants – Network 18."

**Network 19 Defendants**

118.    Upon information and belief, Network 19 consists of 1 Infringing Website, 1 known Defendant name, and 1 email address, and 4 Infringing Social Media accounts, as well as other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely-related network of counterfeiters (collectively, the "**Network 19 Defendants**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 19."

119.    These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and is associated in a public manner with Network 19.

120.    In order to uncover identifying information of the Network 19 Defendants, on July 17, 2023, Plaintiffs' investigator purchased a Counterfeit Product, a pair of GD batch Air Jordan 1

Travis Scot x Military Blue sneakers, from the website houyw.x.yupoo.com, which is part of Network 19. This product was shipped to New York. Plaintiff has verified that this product is counterfeit.

121. Plaintiffs have reason to believe that Defendant Bo Ying Trading Hong Kong Limited, doing business as Infringing Website houyw.x.yupoo.com, and through email address 1044086152@qq.com, and through the Infringing Social Media account 8613266816871 (Whatsapp) and 8618183338814 (Whatsapp) and mr-hou4898 (WeChat) and mrhou_4898 (Instagram), is part of Network 19 and is an individual or entity whose, upon information and belief, actual name and address is currently unknown. Upon information and belief, Defendant doing business as houyw.x.yupoo.com has acted in conjunction with all the Network 19 Defendants, including the Infringing Websites, Infringing Social Media accounts, email addresses, and names, as set forth in Exhibit 1, and including any individuals or entities whose actual names and addresses are currently unknown.

122. Upon information and belief, the Network 19 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious force behind the operation of the fully interactive, commercial websites available at the URLs as well as other online platforms, including social media sites listed in Exhibit 1 under the heading "Defendants – Network 19."

123. By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 19 Defendants willfully infringed various valuable, federally protected Nike and Converse trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 6 under the heading "Defendants – Network 19."

**Network 20 Defendants**

124.    Upon information and belief, Network 20 consists of 1 Infringing Website, 2 known
Defendant names, and 1 email address, and 3 Infringing Social Media accounts, as well as other
ABC Companies and John Does whose actual names and other identifying information are
currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a
closely-related network of counterfeiters (collectively, the "**Network 20 Defendants**").  The
aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email
addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1
under the heading "Defendants – Network 20."

125.    These Infringing Websites and Infringing Social Media are all connected through a
number of unique identifiers such as email addresses, website analytic information, and social
media accounts that are controlled by one or more Defendants in the Network and is associated
in a public manner with Network 20.

126.    In order to uncover identifying information of the Network 20 Defendants, on August 27,
2023, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Nike SB Dunk Low
Yellow Lobster, from the website muksstore.x.yupoo.com, which is part of Network 20.  This
product was shipped to New York.  Plaintiff has verified that this product is counterfeit.

127.    Plaintiffs have reason to believe that Defendants Yongle Liu (刘永乐) and Bo Ying

Trading Hong Kong Limited, doing business asInfringing Website muksstore.x.yupoo.com, and
email address 1273525285@qq.com, and Infringing Social Media accounts 18105229793
(Whatsapp) and 8613799614052 (Whatsapp) and official_muksstore (Instagram), is part of
Network 20 and is an individual or entity whose, upon information and belief, actual name and
address is currently unknown.  Upon information and belief, Defendant doing business as

muksstore.x.yupoo.com has acted in conjunction with all the Network 20 Defendants, including the Infringing Websites, Infringing Social Media accounts, email addresses, and names, as set forth in Exhibit 1, and including any individuals or entities whose actual names and addresses are currently unknown.

128.    Upon information and belief, the Network 20 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious force behind the operation of the fully interactive, commercial websites available at the URLs as well as other online platforms, including social media sites listed in Exhibit 1 under the heading "Defendants – Network 20."

129.    By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 20 Defendants willfully infringed various valuable, federally protected Nike and Converse trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 6 under the heading "Defendants – Network 20."

**Network 21 Defendants**

130.    Upon information and belief, Network 21 consists of 2 Infringing Websites, 1 known Defendant names, and 1 email address, and 5 Infringing Social Media accounts, as well as other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely-related network of counterfeiters (collectively, the "**Network 21 Defendants**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 21."

131.    These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and is associated in a public manner with Network 21.

132.    In order to uncover identifying information of the Network 21 Defendants, on July 18, 2022, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Nike Dunk SB Low Jedi sneakers, from the website rarerapsneaker.x.yupoo.com, which is part of Network 21. This product was shipped to New York.  Plaintiff has verified that this product is counterfeit.

133.    Plaintiffs have reason to believe that Defendant Sing Ying Trading Limited, doing business as Infringing Websites rarerapsneaker.x.yupoo.com, and rarerepclothing.x.yupoo.com, and email address 1223778499@qq.com, and the Infringing Social Media accounts 13328838183 (WeChat) and 8613328838183 (Whatsapp) and rarerepclothing (Instagram) and rarerepsneaker2 (Instagram) and rarerepsneaker3 (Instagram), is part of Network 21 and is an individual or entity whose, upon information and belief, actual name and address is currently unknown.  Upon information and belief, Defendant doing business as rarerapsneaker.x.yupoo.com has acted in conjunction with all the Network 21 Defendants, including the Infringing Websites, Infringing Social Media accounts, email addresses, and names, as set forth in Exhibit 1, and including any individuals or entities whose actual names and addresses are currently unknown.

134.    Upon information and belief, the Network 21 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious force behind the operation of the fully interactive, commercial websites available at the URLs as

well as other online platforms, including social media sites listed in Exhibit 1 under the heading "Defendants – Network 21."

135.    By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 21 Defendants willfully infringed various valuable, federally protected Nike and Converse trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 6 under the heading "Defendants – Network 21."

**Network 22 Defendants**

136.    Upon information and belief, Network 22 consists of 1 Infringing Website, 1 email address, and 2 Infringing Social Media accounts, as well as other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely-related network of counterfeiters (collectively, the "**Network 22 Defendants**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 22."

137.    These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and is associated in a public manner with Network 22.

138.    In order to uncover identifying information of the Network 22 Defendants, on July 26, 2023, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Union x Air Jordan 1

High "Woven" sneakers, from the website hewitt2303.x.yupoo.com, which is part of Network 22. This product was shipped to New York.  Plaintiff has verified that this product is counterfeit.

139.    Plaintiffs have reason to believe that Defendant doing business as Infringing Website hewitt2303.x.yupoo.com, and through the email address 3528315590@qq.com, and through Infringing Social Media accounts 8618879144396 (Whatsapp) and ryannorman4 (Instagram), is part of Network 22 and is an individual or entity whose, upon information and belief, actual name and address is currently unknown.  Upon information and belief, Defendant doing business as hewitt2303.x.yupoo.com has acted in conjunction with all the Network 22 Defendants, including the Infringing Websites, Infringing Social Media accounts, email addresses, and names, as set forth in Exhibit 1, and including any individuals or entities whose actual names and addresses are currently unknown.

140.    Upon information and belief, the Network 22 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious force behind the operation of the fully interactive, commercial websites available at the URLs as well as other online platforms, including social media sites listed in Exhibit 1 under the heading "Defendants – Network 22."

141.    By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 22 Defendants willfully infringed various valuable, federally protected Nike and Converse trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 6 under the heading "Defendants – Network 22."

**Network 23 Defendants**

142.    Upon information and belief, Network 23 consists of 9 Infringing Websites, 1 known

Defendant names, 3 email addresses, and 12 Infringing Social Media accounts, as well as other

ABC Companies and John Does whose actual names and other identifying information are

currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a

closely-related network of counterfeiters (collectively, the "**Network 23 Defendants**").  The

aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email

addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1

under the heading "Defendants – Network 23."

143.    These Infringing Websites and Infringing Social Media are all connected through a

number of unique identifiers such as email addresses, website analytic information, and social

media accounts that are controlled by one or more Defendants in the Network and is associated

in a public manner with Network 23.

144.    In order to uncover identifying information of the Network 23 Defendants, on July 25,

2023, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Air Jordan 4 Thunder

sneakers, from the website stylesneaks.com, which is part of Network 23.  This product was

shipped to New York.  Plaintiff has verified that this product is counterfeit.

145.    Plaintiffs have reason to believe that Defendant PYN*Cnfashion Club, doing business as

Infringing Websites stylesneaks.com and sharesneaker.us and sharesneaker.vip and

sharesneakers.us and sharesneakers.vip and stockxpro.com and stockxpro.vip and

stockxprovip.com and supersneakers.vip, and through the email address stylesneaks@gmail.com

and sharesneakervip@gmail.com and stockxpro01@gmail.com, and the Infringing Social Media

accounts 15659806542 (Whatsapp) and 85256109281 (Whatsapp) and 8615659806542

(Whatsapp) and UCsn9Ca6IOjScas9rlEeLrXA (YouTube) and stockxpro (YouTube) and

stockxpro.usa (Instagram) and stockxprosneakers (Instagram) and stockxpro-vip-alice (Wechat)

and r/StockxPro (Reddit) and r/fashionrep (Reddit) and r/stockxpro (Reddit) and

u/stockxproservice (Reddit), is part of Network 23 and is an individual or entity whose, upon

information and belief, actual name and address is currently unknown.  Upon information and

belief, Defendant doing business as <u>stylesneaks.com</u> has acted in conjunction with all the

Network 23 Defendants, including the Infringing Websites, Infringing Social Media accounts,

email addresses, and names, as set forth in Exhibit 1, and including any individuals or entities

whose actual names and addresses are currently unknown.

146.    Upon information and belief, the Network 23 Defendants have made a conscious decision

to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious

force behind the operation of the fully interactive, commercial websites available at the URLs as

well as other online platforms, including social media sites listed in Exhibit 1 under the heading

"Defendants – Network 23."

147.    By selling and offering to sell Counterfeit Products to the consuming public through the

Infringing Platforms, the Network 23 Defendants willfully infringed various valuable, federally

protected Nike and Converse trademarks in connection with the sale, offering for sale, and

distribution of the specific types of goods set forth in Exhibit 6 under the heading "Defendants –

Network 23."

**<u>Network 24 Defendants</u>**

148.    Upon information and belief, Network 24 consists of 1 Infringing Website, 2 email

addresses, and 8 Infringing Social Media accounts, as well as other ABC Companies and John

Does whose actual names and other identifying information are currently unknown, and who, at

all relevant times herein, have acted in conjunction, as part of a closely-related network of counterfeiters (collectively, the "**Network 24 Defendants**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 24."

149.    These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and is associated in a public manner with Network 24.

150.    In order to uncover identifying information of the Network 24 Defendants, on July 25, 2023, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Nike Sb Dunk Low "what the Dunk" sneakers, from the website timsneakers.com, which is part of Network 24. This product was shipped to New York.  Plaintiff has verified that this product is counterfeit.

151.    Plaintiffs have reason to believe that Defendant doing business as Infringing Website timsneakers.com, and through the email addresses vipcustomerservice1@gmail.com and hellotracy2018@qq.com, and through the Infringing Social Media accounts 8613015983512 (WeChat) and 8613015983512 (Whatsapp) and 8618650212083 (Whatsapp) and UCw_A-4QUn_CEKM8cfMQpjaQ (Youtube) and r/Timsneakers (Reddit) and r/timsneakers (Reddit) and timsneakerscom (Instagram) and u/timsneakers_com (Reddit), is part of Network 24 and is an individual or entity whose, upon information and belief, actual name and address is currently unknown.  Upon information and belief, Defendant doing business as timsneaker.com has acted in conjunction with all the Network 24 Defendants, including the Infringing Websites, email

addresses, and names, as set forth in Exhibit 1, and including any individuals or entities whose actual names and addresses are currently unknown.

152.    Upon information and belief, the Network 24 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious force behind the operation of the fully interactive, commercial websites available at the URLs as well as other online platforms, listed in Exhibit 1 under the heading "Defendants – Network 24."

153.    By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 24 Defendants willfully infringed various valuable, federally protected Nike and Converse trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 6 under the heading "Defendants – Network 24."

**Network 25 Defendants**

154.    Upon information and belief, Network 25 consists of 1 Infringing Website, 1 known Defendant names, and 2 email addresses, and 6 Infringing Social Media accounts, as well as other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely-related network of counterfeiters (collectively, the "**Network 25 Defendants**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 25."

155.    These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social

media accounts that are controlled by one or more Defendants in the Network and is associated in a public manner with Network 25.

156.    In order to uncover identifying information of the Network 25 Defendants, on July 25, 2023, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Jordan 1 Retro Low Og Sp Travis Scott Black Phantom sneakers, from the website www.sneakerahead.org, which is part of Network 25.  This product was shipped to New York.  Plaintiff has verified that this product is counterfeit.

157.    Plaintiffs have reason to believe that Defendant Casnda Corp Limited-B2C, doing business as Infringing Website ubuysneakers.com, and through the email addresses mislich@outlook.com and ubuysneakers@outlook.com, and the Infringing Social Media accounts 85264265446 (Whatsapp) and 85294300508 (Whatsapp) and r/UBuySneakers (Reddit) and r/ubuysneakers (Reddit) and u/ubuysneakers (Reddit) and ubuysneakers (Instagram), is part of Network 25 and is an individual or entity whose, upon information and belief, actual name and address is currently unknown.  Upon information and belief, Defendant doing business as ubuysneakers.com has acted in conjunction with all the Network 25 Defendants, including the Infringing Websites, Infringing Social Media accounts, email addresses, and names, as set forth in Exhibit 1, and including any individuals or entities whose actual names and addresses are currently unknown.

158.    Upon information and belief, the Network 25 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious force behind the operation of the fully interactive, commercial websites available at the URLs as well as other online platforms, including social media sites listed in Exhibit 1 under the heading "Defendants – Network 25."

159.    By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 25 Defendants willfully infringed various valuable, federally protected Nike and Converse trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 6 under the heading "Defendants – Network 25."

**Network 26 Defendants**

160.    Upon information and belief, Network 26 consists of 1 Infringing Website, 1 known Defendant name, 1 email address, and 2 Infringing Social Media accounts, as well as other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely-related network of counterfeiters (collectively, the "**Network 26 Defendants**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 26."

161.    These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and is associated in a public manner with Network 26.

162.    In order to uncover identifying information of the Network 26 Defendants, on July 25, 2023, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Air Jordan 1 Low OG AJ1 sneakers, from the website ulrica688.x.yupoo.com, which is part of Network 26.  This product was shipped to New York.  Plaintiff has verified that this product is counterfeit.

163.    Plaintiffs have reason to believe that Defendant Bo Ying Trading Hong Kong Limited, doing business as Infringing Website ulrica688.x.yupoo.com, and through the email address 2101979609@qq.com, and the Infringing Social Media accounts 8617767113866 (Whatsapp) and 8617767113866 (Instagram), is part of Network 26 and is an individual or entity whose, upon information and belief, actual name and address is currently unknown.  Upon information and belief, Defendant doing business as ulrica688.x.yupoo.com has acted in conjunction with all the Network 26 Defendants, including the Infringing Websites, email addresses, and names, as set forth in Exhibit 1, and including any individuals or entities whose actual names and addresses are currently unknown.

164.    Upon information and belief, the Network 26 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious force behind the operation of the fully interactive, commercial websites available at the URLs as well as other online platforms, listed in Exhibit 1 under the heading "Defendants – Network 26."

165.    By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 26 Defendants willfully infringed various valuable, federally protected Nike and Converse trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 6 under the heading "Defendants – Network 26."

**Network 27 Defendants**

166.    Upon information and belief, Network 27 consists of 4 Infringing Websites, 3 email addresses, and 14 Infringing Social Media accounts, as well as other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely-related network of

counterfeiters (collectively, the "**Network 27 Defendants**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 27."

167.    These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and is associated in a public manner with Network 27.

168.    In order to uncover identifying information of the Network 27 Defendants, on August 22, 2023, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Sacai x Nike LDWaffle Blue Multi sneakers, from the website bmlin.net, which is part of Network 27.  This product was shipped to New York.  Plaintiff has verified that this product is counterfeit.

169.    Plaintiffs have reason to believe that Defendant doing business as Infringing Websites bmlin.net and hypeshoes.co and stockxkicks.com and wawone.com, and through the email addresses bmlinbella@gmail.com and hypeshoes.co3@gmail.com and stockxkicksvip@gmail.com, and the Infringing Social Media accounts447594776750 (Whatsapp) and 85253806268 (Whatsapp) and 85267237597 (Whatsapp) and 8618039014337 (Whatsapp) and UCBvFg4ZvGFGDjGcjkhD__IA (YouTube) and UCvCL_rkEWJwi4V4lfzoWHZA (YouTube) and hypeshoes.co (Facebook) and bmlinshoes1 (Instagram) and hypeshoescoo (Instagram) and love.nicekicks (Instagram) and lovekicks.vip (Instagram) and stockx_kicks_(Instagram) and r/HYPESHOES_co (Reddit) and r/Stockxkicks (Reddit), is part of Network 27 and is an individual or entity whose, upon information and belief, actual name and address is currently unknown.  Upon information and belief, Defendant doing

business as <u>bmlin.net</u> has acted in conjunction with all the Network 27 Defendants, including the Infringing Websites, Infringing Social Media accounts, email addresses, and names, as set forth in Exhibit 1, and including any individuals or entities whose actual names and addresses are currently unknown.

170.    Upon information and belief, the Network 27 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious force behind the operation of the fully interactive, commercial websites available at the URLs as well as other online platforms, including social media sites listed in Exhibit 1 under the heading "Defendants – Network 27."

171.    By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 27 Defendants willfully infringed various valuable, federally protected Nike and Converse trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 6 under the heading "Defendants – Network 27."

**<u>Network 28 Defendants</u>**

172.    Upon information and belief, Network 28 consists of 2 Infringing Websites, 1 known Defendant names, and 5 email address, and 5 Infringing Social Media accounts, as well as other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely-related network of counterfeiters (collectively, the "**<u>Network 28 Defendants</u>**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 28."

173.    These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and is associated in a public manner with Network 28.

174.    In order to uncover identifying information of the Network 28 Defendants, on July 26, 2023, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Air Jordan 1 Royal Suede Dz5485-042 sneakers, from the website footskick.ru, which is part of Network 28.  This product was shipped to New York.  Plaintiff has verified that this product is counterfeit.

175.    On July 25, 2023, Plaintiff's investigator purchased a Counterfeit Product, a pair of Nike Air Max 1 '86 Og Big Bubble Sport Red sneakers, from the website clubkickz.ru, which is another website part of Network 28.  This product was shipped to New York.  Plaintiff has verified that this product is counterfeit.

176.    Plaintiffs have reason to believe that Defendant Star EFX Fashion Inc, doing business as Infringing Websites footskick.ru and clubkickz.ru, and through the email addresses alan9527mand@outlook.com and clubkickz5@gmail.com and footskick2@gmail.com and yadonghuang693@outlook.com and yildizguney31@gmail.com, and the Infringing Social Media accounts 85260981515 (Whatsapp) and 8618086465089 (Whatsapp) and 861886465089 (WeChat) and 861886465089 (Whatsapp) and footskicks8 (Instagram), is part of Network 28 and is an individual or entity whose, upon information and belief, actual name and address is currently unknown.  Upon information and belief, Defendant doing business as footskick.ru and clubkickz.ru has acted in conjunction with all the Network 28 Defendants, including the Infringing Websites, Infringing Social Media accounts, email addresses, and names, as set forth

in Exhibit 1, and including any individuals or entities whose actual names and addresses are currently unknown.

177.    Upon information and belief, the Network 28 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious force behind the operation of the fully interactive, commercial websites available at the URLs as well as other online platforms, including social media sites listed in Exhibit 1 under the heading "Defendants – Network 28."

178.    By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 28 Defendants willfully infringed various valuable, federally protected Nike and Converse trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 6 under the heading "Defendants – Network 28."

**Network 29 Defendants**

179.    Upon information and belief, Network 29 consists of 1 Infringing Website, 1 known Defendant names, and 1 email address, and 1 Infringing Social Media accounts, as well as other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely-related network of counterfeiters (collectively, the "**Network 29 Defendants**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 29."

180.    These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social

media accounts that are controlled by one or more Defendants in the Network and is associated in a public manner with Network 29.

181.    In order to uncover identifying information of the Network 29 Defendants, on July 18, 2023, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Pkgoden Sb Dunk Low Mummy sneakers, from the website coolkicksmall.com, which is part of Network 29.  This product was shipped to New York.  Plaintiff has verified that this product is counterfeit.

182.    Plaintiffs have reason to believe that Defendant doing business as merchant account $Kaideninc616 and Infringing Website coolkicksmall.com, and through the email address service@coolkicksmall.com, and Infringing Social Media account 8618959235127 (Whatsapp), is part of Network 29 and is an individual or entity whose, upon information and belief, actual name and address is currently unknown.  Upon information and belief, Defendant doing business as coolkicksmall.com has acted in conjunction with all the Network 29 Defendants, including the Infringing Websites, Infringing Social Media accounts, email addresses, and names, as set forth in Exhibit 1, and including any individuals or entities whose actual names and addresses are currently unknown.

183.    Upon information and belief, the Network 29 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious force behind the operation of the fully interactive, commercial websites available at the URLs as well as other online platforms, including social media sites listed in Exhibit 1 under the heading "Defendants – Network 29."

184.    By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 29 Defendants willfully infringed various valuable, federally protected Nike and Converse trademarks in connection with the sale, offering for sale, and

distribution of the specific types of goods set forth in Exhibit 6 under the heading "Defendants – Network 29."

**Network 30 Defendants**

185.    Upon information and belief, Network 30 consists of 2 Infringing Websites, 1 known Defendant names, and 4 email addresses, and 5 Infringing Social Media accounts, as well as other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely-related network of counterfeiters (collectively, the "**Network 30 Defendants**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 30."

186.    These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and is associated in a public manner with Network 30.

187.    In order to uncover identifying information of the Network 30 Defendants, on August 25, 2023, Plaintiffs' investigator purchased a Counterfeit Product, a pair of OFF WHITE x Nike Dunk SB Low DM1602-001 sneakers, from the website crewkick.net, which is part of Network 30. This product was shipped to New York.  Plaintiff has verified that this product is counterfeit.

188.    Plaintiffs have reason to believe that Defendant doing business as merchant account WTP*stepsupshoes and Infringing Website crewkick.net, and through the email addresses service@crewkick.net and crewkickofficial@gmail.com and info@crewkick.net and service@wintopay.com, and the Infringing Social Media accounts 18389001437 (Whatsapp) and

85252246012 (Whatsapp) and UCYxgYy8bBebOmC0X-v5YsDg (Youtube) and r/crewKickr3ps (Reddit) and u/crewKICK_ (Reddit), is part of Network 30 and is an individual or entity whose, upon information and belief, actual name and address is currently unknown.  Upon information and belief, Defendant doing business as <u>crewkick.net</u> has acted in conjunction with all the Network 30 Defendants, including the Infringing Websites, Infringing Social Media accounts, email addresses, and names, as set forth in Exhibit 1, and including any individuals or entities whose actual names and addresses are currently unknown.

189.    Upon information and belief, the Network 30 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious force behind the operation of the fully interactive, commercial websites available at the URLs as well as other online platforms, including social media sites listed in Exhibit 1 under the heading "Defendants – Network 30."

190.    By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 30 Defendants willfully infringed various valuable, federally protected Nike and Converse trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 6 under the heading "Defendants – Network 30."

**<u>Network 31 Defendants</u>**

191.    Upon information and belief, Network 31 consists of 1 Infringing Website, 2 known Defendant names, and 2 email addresses, and 4 Infringing Social Media accounts, as well as other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely-related network of counterfeiters (collectively, the "**<u>Network 31 Defendants</u>**").  The

aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 31."

192.    These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and is associated in a public manner with Network 31.

193.    In order to uncover identifying information of the Network 31 Defendants, on July 26, 2023, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Nike SB Blazer Low "Heaven" x Kevin Bradley sneakers, from the website dopesneaker.co, which is part of Network 31. This product was shipped to New York.  Plaintiff has verified that this product is counterfeit.

194.    Plaintiffs have reason to believe that Defendants Jiemao Commerce Co. Ltd. and Joom E-Commerce Company Limited, doing business as Infringing Website dopesneaker.co, and through the email addresses 3626967975@qq.com and dopesneakersale@hotmail.com, and the Infringing Social Media accounts 8618107269391 (WeChat) and 8618107269391 (Whatsapp) and dopesneaker.co (Instagram) and dopesneakerco (Instagram), is part of Network 31 and is an individual or entity whose, upon information and belief, actual name and address is currently unknown.  Upon information and belief, Defendant doing business as dopesneaker.co has acted in conjunction with all the Network 31 Defendants, including the Infringing Websites, Infringing Social Media accounts, email addresses, and names, as set forth in Exhibit 1, and including any individuals or entities whose actual names and addresses are currently unknown.

195.    Upon information and belief, the Network 31 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious

force behind the operation of the fully interactive, commercial websites available at the URLs as well as other online platforms, including social media sites listed in Exhibit 1 under the heading "Defendants – Network 31."

196.    By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 31 Defendants willfully infringed various valuable, federally protected Nike and Converse trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 6 under the heading "Defendants – Network 31."

**Network 32 Defendants**

197.    Upon information and belief, Network 32 consists of 5 Infringing Websites, 3 known Defendant names, 3 email addresses, and 12 Infringing Social Media accounts, as well as other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely-related network of counterfeiters (collectively, the "**Network 32 Defendants**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 32."

198.    These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and is associated in a public manner with Network 32.

199.    In order to uncover identifying information of the Network 32 Defendants, on August 8, 2023, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Nike Kobe 6 Protro

Reverse Grinch S7 sneakers, from the website flightkickz.com, which is part of Network 32. This product was shipped to New York. Plaintiff has verified that this product is counterfeit.

200.    Plaintiffs have reason to believe that Defendants 志雄 祁, Chan Wai, and Bo Ying Trading Hongkong Limited, doing business as Infringing Websites flightkickz.cn, flightkickz.com, kicksgate.com, ln5factory, yzynation.com, and through the email addresses flightkickz@gmail.com, flightkickz2017@gmail.com, and qzxandy@163.com and the Infringing Social Media accounts 17477671215 (Whatsapp), 7477671215 (Whatsapp), 85255465409 (Whatsapp), 85255465492 (Whatsapp), 8615060357238 (Whatsapp), 9452646188 (Whatsapp), UCWqUfBzNE3aCVtMk45T75aw (YouTube), fkz.plug (Instagram), fkzonfire (Instagram), ln5plug (Wechat), r/Flightkickz (Reddit), r/flightkickz (Reddit) is part of Network 32 and is an individual or entity whose, upon information and belief, actual name and address is currently unknown. Upon information and belief, Defendant doing business as flightkickz.com has acted in conjunction with all the Network 32 Defendants, including the Infringing Websites, Infringing Social Media accounts, email addresses, and names, as set forth in Exhibit 1, and including any individuals or entities whose actual names and addresses are currently unknown.

201.    Upon information and belief, the Network 32 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious force behind the operation of the fully interactive, commercial websites available at the URLs as well as other online platforms, including social media sites listed in Exhibit 1 under the heading "Defendants – Network 32."

202.    By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 32 Defendants willfully infringed various valuable, federally

protected Nike and Converse trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 6 under the heading "Defendants – Network 32."

**Network 33 Defendants**

203.    Upon information and belief, Network 33 consists of 1 Infringing Website, 1 known Defendant names, and 2 email addresses, and 5 Infringing Social Media accounts, as well as other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely-related network of counterfeiters (collectively, the "**Network 33 Defendants**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 33."

204.    These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and is associated in a public manner with Network 33.

205.    In order to uncover identifying information of the Network 33 Defendants, on August 25, 2023, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Perfect Quality Dunk Low Pro SB "Freddy Krueger" sneakers, from the website gmkim.vn.ua, which is part of Network 33. This product was shipped to New York.  Plaintiff has verified that this product is counterfeit.

206.    Plaintiffs have reason to believe that Defendant Huijian Zheng (郑会见), doing business as Infringing Website gmkim.vn.ua, and through the email addresses huijian9023@foxmail.com

and noreply@ordernotify.net, and the Infringing Social Media accounts 639053615408 (Whatsapp) and 85266080171 (Whatsapp) and gmkrose (Instagram) and gmktina (WeChat) and r/gmksub (Reddit), is part of Network 33 and is an individual or entity whose, upon information and belief, actual name and address is currently unknown.  Upon information and belief, Defendant doing business as gmkim.vn.ua has acted in conjunction with all the Network 33 Defendants, including the Infringing Websites, Infringing Social Media accounts, email addresses, and names, as set forth in Exhibit 1, and including any individuals or entities whose actual names and addresses are currently unknown.

207.    Upon information and belief, the Network 33 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious force behind the operation of the fully interactive, commercial websites available at the URLs as well as other online platforms, including social media sites listed in Exhibit 1 under the heading "Defendants – Network 33."

208.    By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 33 Defendants willfully infringed various valuable, federally protected Nike and Converse trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 6 under the heading "Defendants – Network 33."

**Network 34 Defendants**

209.    Upon information and belief, Network 34 consists of 1 Infringing Website, 1 known Defendant names, and 2 email addresses, and 4 Infringing Social Media accounts, as well as other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a

closely-related network of counterfeiters (collectively, the "**Network 34 Defendants**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 34."

210.    These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and is associated in a public manner with Network 34.

211.    In order to uncover identifying information of the Network 34 Defendants, on July 26, 2023, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Nikev2k Runtekk White sneakers, from the website hotkickss.ru, which is part of Network 34. This product was shipped to New York.  Plaintiff has verified that this product is counterfeit.

212.    Plaintiffs have reason to believe that Defendant Joom E-Commerc Company Limited, doing business as Infringing Website hotkickss.ru, and email addresses hotkickss1977@hotmail.com and czspp2002@outlook.com, and through the Infringing Social Media accounts 85266617105 (Whatsapp) and chancy.green.52 (Facebook) and hot20023 (Instagram) and 852 5347 4599 (Phone), is part of Network 34 and is an individual or entity whose, upon information and belief, actual name and address is currently unknown.  Upon information and belief, Defendant doing business as hotkickss.ru has acted in conjunction with all the Network 34 Defendants, including the Infringing Websites, Infringing Social Media accounts, email addresses, and names, as set forth in Exhibit 1, and including any individuals or entities whose actual names and addresses are currently unknown.

213.    Upon information and belief, the Network 34 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious force behind the operation of the fully interactive, commercial websites available at the URLs as well as other online platforms, including social media sites listed in Exhibit 1 under the heading "Defendants – Network 34."

214.    By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 34 Defendants willfully infringed various valuable, federally protected Nike and Converse trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 6 under the heading "Defendants – Network 34."

**Network 35 Defendants**

215.    Upon information and belief, Network 35 consists of 5 Infringing Websites, 1 known Defendant names, and 1 email address, and 6 Infringing Social Media accounts, as well as other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely-related network of counterfeiters (collectively, the "**Network 35 Defendants**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 35."

216.    These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and is associated in a public manner with Network 35.

217.    In order to uncover identifying information of the Network 35 Defendants, on July 25,

2023, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Jordan 1 Retro Low Og

Sp Travis Scott Reverse Mocha sneakers, from the website hypeboosts.ru, which is part of

Network 35.  This product was shipped to New York.  Plaintiff has verified that this product is

counterfeit.

218.    Plaintiffs have reason to believe that Defendant EKO DG Trading Inc., doing business as

Infringing Website hypeboosts.ru and hypeboost.ru and hypeboost.shop and hypeoost.store and

hypeboosts.com, and through the email address ekodgtrading1@gmail.com, and the Infringing

Social Media accounts 17079311942 (Whatsapp) and 85267335067 (Whatsapp) and hypeboosts

(Instagram) and hypeboosts (WeChat) and r/hypeboosts (Reddit) and tejasrcpilot (Instagram), is

part of Network 35 and is an individual or entity whose, upon information and belief, actual

name and address is currently unknown.  Upon information and belief, Defendant doing business

as hypeboosts.ru has acted in conjunction with all the Network 35 Defendants, including the

Infringing Websites, Infringing Social Media accounts, email addresses, and names, as set forth

in Exhibit 1, and including any individuals or entities whose actual names and addresses are

currently unknown.

219.    Upon information and belief, the Network 35 Defendants have made a conscious decision

to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious

force behind the operation of the fully interactive, commercial websites available at the URLs as

well as other online platforms, including social media sites listed in Exhibit 1 under the heading

"Defendants – Network 35."

220.    By selling and offering to sell Counterfeit Products to the consuming public through the

Infringing Platforms, the Network 35 Defendants willfully infringed various valuable, federally

protected Nike and Converse trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 6 under the heading "Defendants – Network 35."

**Network 36 Defendants**

221.    Upon information and belief, Network 36 consists of 2 Infringing Websites, 1 email address, and 4 Infringing Social Media accounts, as well as other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely-related network of counterfeiters (collectively, the "**Network 36 Defendants**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 36."

222.    These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and is associated in a public manner with Network 36.

223.    In order to uncover identifying information of the Network 36 Defendants, on July 18, 2023, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Ljr Travis Scott x Air Jordan 1 Low White Brownbarb Women's sneakers, from the website jdfoot.co, which is part of Network 36.  This product was shipped to New York.  Plaintiff has verified that this product is counterfeit.

224.    Plaintiffs have reason to believe that Defendant doing business as Infringing Websites jdfoot.co and clothswmalls.com, and through the email address jdfootstore@gmail.com, and the

Infringing Social Media accounts 85253072903 (Whatsapp) and

UC71kLLDhnW6aDGytprE2aPA (Youtube) and jdfootsneaker (Instagram) and jdfootstore

(Instagram), is part of Network 36 and is an individual or entity whose, upon information and

belief, actual name and address is currently unknown.  Upon information and belief, Defendant

doing business as jdfoot.co has acted in conjunction with all the Network 36 Defendants,

including the Infringing Websites, Infringing Social Media accounts, email addresses, and

names, as set forth in Exhibit 6, and including any individuals or entities whose actual names and

addresses are currently unknown.

225.    Upon information and belief, the Network 36 Defendants have made a conscious decision

to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious

force behind the operation of the fully interactive, commercial websites available at the URLs as

well as other online platforms, including social media sites listed in Exhibit 1 under the heading

"Defendants – Network 36."

226.    By selling and offering to sell Counterfeit Products to the consuming public through the

Infringing Platforms, the Network 36 Defendants willfully infringed various valuable, federally

protected Nike and Converse trademarks in connection with the sale, offering for sale, and

distribution of the specific types of goods set forth in Exhibit 6 under the heading "Defendants –

Network 36."

**Network 37 Defendants**

227.    Upon information and belief, Network 37 consists of 1 Infringing Website, 2 known

Defendant names, and 3 email address, and 1 Infringing Social Media account, as well as other

ABC Companies and John Does whose actual names and other identifying information are

currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a

closely-related network of counterfeiters (collectively, the "**Network 37 Defendants**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 37."

228.    These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and is associated in a public manner with Network 37.

229.    In order to uncover identifying information of the Network 37 Defendants, on August 22, 2023, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Air Jordan 1 Mid Banned Black/Red sneakers, from the website pkshoes.store, which is part of Network 37. This product was shipped to New York.  Plaintiff has verified that this product is counterfeit.

230.    Plaintiffs have reason to believe that Defendant One Pick (HK) Limited, doing business as the merchant account Vkomall, and through Infringing Website pkshoes.store, and email addresses pkshoes3@ordermail.org and pkshoes5@ordermail.org and service@ordermail.org, and through the Infringing Social Media account PK-Shoes-109037267542255 (Facebook), is part of Network 37 and is an individual or entity whose, upon information and belief, actual name and address is currently unknown.  Upon information and belief, Defendant doing business as pkshoes.store has acted in conjunction with all the Network 37 Defendants, including the Infringing Websites, Infringing Social Media accounts, email addresses, and names, as set forth in Exhibit 1, and including any individuals or entities whose actual names and addresses are currently unknown.

231.    Upon information and belief, the Network 37 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious force behind the operation of the fully interactive, commercial websites available at the URLs as well as other online platforms, including social media sites listed in Exhibit 1 under the heading "Defendants – Network 37."

232.    By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 37 Defendants willfully infringed various valuable, federally protected Nike and Converse trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 6 under the heading "Defendants – Network 37."

**Network 38 Defendants**

233.    Upon information and belief, Network 38 consists of 4 Infringing Websites, 2 known Defendant names, and 5 email addresses, and 2 Infringing Social Media accounts, as well as other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely-related network of counterfeiters (collectively, the "**Network 38 Defendants**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 38."

234.    These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and is associated in a public manner with Network 38.

235.    In order to uncover identifying information of the Network 38 Defendants, on July 23,

2023, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Born X Raised One

Block at a Time sneakers, from the website popshoe.org, which is part of Network 38. This

product was shipped to New York.  Plaintiff has verified that this product is counterfeit.

236.    Plaintiffs have reason to believe that Defendants Tongcheng Peina Department Store (通

城佩娜百货店) and Bo Ying Trading Hong Kong Limited, doing business as merchant account

PEINABAXNYJ, and as Infringing Websites popshoe.org and dunkskicks.org and

jordankicks.org and popkicks.org, and through the email addresses

emailbestyeezyshoes@gmail.com and emailpopkicksrep@gmail.com and

emailpopsneakersrep@gmail.com and popshoeofficial@gmail.com and renl37303@gmail.com,

and the Infringing Social Media accounts popshoeofficial (Instagram) and 3233025706 (Phone),

is part of Network 38 and is an individual or entity whose, upon information and belief, actual

name and address is currently unknown.  Upon information and belief, Defendant doing business

as popshoe.org has acted in conjunction with all the Network 38 Defendants, including the

Infringing Websites, Infringing Social Media accounts, email addresses, and names, as set forth

in Exhibit 1, and including any individuals or entities whose actual names and addresses are

currently unknown.

237.    Upon information and belief, the Network 38 Defendants have made a conscious decision

to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious

force behind the operation of the fully interactive, commercial websites available at the URLs as

well as other online platforms, including social media sites listed in Exhibit 1 under the heading

"Defendants – Network 38."

238.    By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 38 Defendants willfully infringed various valuable, federally protected Nike and Converse trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 6 under the heading "Defendants – Network 38."

**Network 39 Defendants**

239.    Upon information and belief, Network 39 consists of 2 Infringing Websites, and 1 email address, and 6 Infringing Social Media accounts, as well as other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely-related network of counterfeiters (collectively, the "**Network 39 Defendants**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 39."

240.    These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and is associated in a public manner with Network 39.

241.    In order to uncover identifying information of the Network 39 Defendants, on August 25, 2023, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Jordan1 Retro High OG "Shattered Backboard 3.0" sneakers, from the website taosneakers.com, which is part of Network 39.  This product was shipped to New York.  Plaintiff has verified that this product is counterfeit.

242.    Plaintiffs have reason to believe that Defendant doing business as Infringing Websites
taosneakers.com and cnfashionclub.com, and through the email address taosneakers@gmail.com,
and the Infringing Social Media accounts 8529286003 (Whatsapp) and 8618059868271
(Whatsapp) and UCjWueb4AHR6SYnsTcqRqBVg (Youtube) and aceereps (Instagram) and
rep.education.center (Instagram) and taosneakers_ins (Instagram), is part of Network 39 and is
an individual or entity whose, upon information and belief, actual name and address is currently
unknown.  Upon information and belief, Defendant doing business as taosneakers.com has acted
in conjunction with all the Network 39 Defendants, including the Infringing Websites, Infringing
Social Media accounts, email addresses, and names, as set forth in Exhibit 1, and including any
individuals or entities whose actual names and addresses are currently unknown.

243.    Upon information and belief, the Network 39 Defendants have made a conscious decision
to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious
force behind the operation of the fully interactive, commercial websites available at the URLs as
well as other online platforms, including social media sites listed in Exhibit 1 under the heading
"Defendants – Network 39."

244.    By selling and offering to sell Counterfeit Products to the consuming public through the
Infringing Platforms, the Network 39 Defendants willfully infringed various valuable, federally
protected Nike and Converse trademarks in connection with the sale, offering for sale, and
distribution of the specific types of goods set forth in Exhibit 6 under the heading "Defendants –
Network 39."

**Network 40 Defendants**

245.    Upon information and belief, Network 40 consists of 2 Infringing Websites, 1 email
address, and 8 Infringing Social Media accounts, as well as other ABC Companies and John

Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely-related network of counterfeiters (collectively, the "**Network 40 Defendants**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 40."

246.    These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and is associated in a public manner with Network 40.

247.    In order to uncover identifying information of the Network 40 Defendants, on July 7, 2023, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Zoom Kobe 6 Protro "Grinch" sneakers, from the website uabat.xyz, which is part of Network 40.  This product was shipped to New York.  Plaintiff has verified that this product is counterfeit.

248.    Plaintiffs have reason to believe that Defendant doing business as Infringing Websites uabat.xyz and uabatman.com, and through the email address liweiliu888@outlook.com, and the Infringing Social Media accounts 16466377762 (Whatsapp) and 8613607545746 (Whatsapp) and 8613666905331 (Whatsapp) and r/UaBat (Reddit) and r/uabat (Reddit) and u/uabat (Reddit) and uabat.ru (Instagram) and uabat0 (Instagram), is part of Network 40 and is an individual or entity whose, upon information and belief, actual name and address is currently unknown.  Upon information and belief, Defendant doing business as uabat.xyz has acted in conjunction with all the Network 40 Defendants, including the Infringing Websites, Infringing Social Media

accounts, email addresses, and names, as set forth in Exhibit 1, and including any individuals or entities whose actual names and addresses are currently unknown.

249.    Upon information and belief, the Network 40 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious force behind the operation of the fully interactive, commercial websites available at the URLs as well as other online platforms, including social media sites listed in Exhibit 1 under the heading "Defendants – Network 40."

250.    By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 40 Defendants willfully infringed various valuable, federally protected Nike and Converse trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 6 under the heading "Defendants – Network 40."

**Network 41 Defendants**

251.    Upon information and belief, Network 41 consists of 1 Infringing Website, 1 known Defendant names, and 1 email address, and 4 Infringing Social Media accounts, as well as other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely-related network of counterfeiters (collectively, the "**Network 41 Defendants**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 41."

252.    These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social

media accounts that are controlled by one or more Defendants in the Network and is associated in a public manner with Network 41.

253.    In order to uncover identifying information of the Network 41 Defendants, on July 26, 2023, Plaintiffs' investigator purchased a Counterfeit Product, a pair of PK God Batch Air Jordan 4 White Orange Womens sneakers, from the website pkstockx.cc, which is part of Network 41.  This product was shipped to New York.  Plaintiff has verified that this product is counterfeit.

254.    Plaintiffs have reason to believe that Defendant doing business as merchant account $Kaideninc616, and through Infringing Website pkstockx.cc, and through the email address service@pkstockx.com, and the Infringing Social Media accounts 19565163160 (Whatsapp) and UC7yOIAzmFxvSssIVYbfXBpw (Youtube) and pkstock.x (Instagram) and r/PKstockx (Reddit), is part of Network 41 and is an individual or entity whose, upon information and belief, actual name and address is currently unknown.  Upon information and belief, Defendant doing business as pkstockx.cc has acted in conjunction with all the Network 41 Defendants, including the Infringing Websites, Infringing Social Media accounts, email addresses, and names, as set forth in Exhibit 1, and including any individuals or entities whose actual names and addresses are currently unknown.

255.    Upon information and belief, the Network 41 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious force behind the operation of the fully interactive, commercial websites available at the URLs as well as other online platforms, including social media sites listed in Exhibit 1 under the heading "Defendants – Network 41."

256.    By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 41 Defendants willfully infringed various valuable, federally protected Nike and Converse trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 6 under the heading "Defendants – Network 41."

**Network 42 Defendants**

257.    Upon information and belief, Network 42 consists of 1 Infringing Websites, 1 known Defendant names, and 2 email addresses, and 4 Infringing Social Media accounts, as well as other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely-related network of counterfeiters (collectively, the "**Network 42 Defendants**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 42."

258.    These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and is associated in a public manner with Network 42.

259.    In order to uncover identifying information of the Network 42 Defendants, on August 27, 2023, Plaintiffs' investigator purchased a Counterfeit Product, a pair of GOAT Air Jordan 5 Burgundy 2023 Mens sneakers, from the website sneakerwill.shop, which is part of Network 42.  This product was shipped to New York.  Plaintiff has verified that this product is counterfeit.

260.    Plaintiffs have reason to believe that Defendant Putian Biyao Technology Co. Ltd (莆田 百耀科技有限公司), doing business as Infringing Website sneakerwill.shop, and through the email address kaillsneakers@gmail.com and wsneakerwill@gmail.com, and the Infringing Social Media accounts 8617359409448 (Whatsapp) and 8618605016686 (Whatsapp) and r/WillSneakers (Reddit) and sneakerwillshop (Instagram), is part of Network 42 and is an individual or entity whose, upon information and belief, actual name and address is currently unknown.  Upon information and belief, Defendant doing business as sneakerwill.shop has acted in conjunction with all the Network 42 Defendants, including the Infringing Websites, Infringing Social Media accounts, email addresses, and names, as set forth in Exhibit 1, and including any individuals or entities whose actual names and addresses are currently unknown.

261.    Upon information and belief, the Network 42 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious force behind the operation of the fully interactive, commercial websites available at the URLs as well as other online platforms, including social media sites listed in Exhibit 1 under the heading "Defendants – Network 42."

262.    By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 42 Defendants willfully infringed various valuable, federally protected Nike and Converse trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 6 under the heading "Defendants – Network 42."

**Network 43 Defendants**

263.    Upon information and belief, Network 43 consists of 1 Infringing Website, 1 known Defendant name, 2 email addresses, and 4 Infringing Social Media accounts, as well as other

ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely-related network of counterfeiters (collectively, the "**Network 43 Defendants**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 43."

264.    These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and is associated in a public manner with Network 43.

265.    In order to uncover identifying information of the Network 43 Defendants, on July 25, 2023, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Air Jordan 3 White Cement Reimagined sneakers, from the website luckshoes.ru, which is part of Network 43.  This product was shipped to New York.  Plaintiff has verified that this product is counterfeit.

266.    Plaintiffs have reason to believe that Defendant Liming Lin (丽明 林), doing business as Infringing Website luckshoes.ru, and through the email addresses comes2014@hotmail.com and buyshoesclothing88@gmail.com, and through Infringing Social Media accounts 8613529089262 (Whatsapp) and luckshoesru3 (Instagram) and r/luckshoesSneakers (Reddit) and u/luckshoes (Reddit), is part of Network 43 and is an individual or entity whose, upon information and belief, actual name and address is currently unknown.  Upon information and belief, Defendant doing business as luckshoes.ru has acted in conjunction with all the Network 43 Defendants, including the Infringing Websites, email addresses, and names, as set forth in Exhibit 1, and including any individuals or entities whose actual names and addresses are currently unknown.

267.    Upon information and belief, the Network 43 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious force behind the operation of the fully interactive, commercial websites available at the URLs as well as other online platforms, listed in Exhibit 1 under the heading "Defendants – Network 43."

268.    By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 43 Defendants willfully infringed various valuable, federally protected Nike and Converse trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 6 under the heading "Defendants – Network 43."

**Network 44 Defendants**

269.    Upon information and belief, Network 44 consists of 1 Infringing Website, 1 known Defendant name, and 2 email addresses, and 6 Infringing Social Media accounts, as well as other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely-related network of counterfeiters (collectively, the "**Network 44 Defendants**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 44."

270.    These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and is associated in a public manner with Network 44.

271.    In order to uncover identifying information of the Network 44 Defendants, on July 25,

2023, Plaintiffs' investigator purchased a Counterfeit Product, a pair of PK GOD Nike Air Max

97 Off-White Black sneakers, from the website perfectkicks.top, which is part of Network 44.

This product was shipped to New York.  Plaintiff has verified that this product is counterfeit.

272.    Plaintiffs have reason to believe that Defendant Jianhui Liu (建辉 刘), doing business as

Infringing Website perfectkicks.top, and through the email address pkdoingthebest@gmail.com

and pkdoingthebest11@outlook.com, and the Infringing Social Media accounts 18059533333

(Whatsapp) and 19959503333 (Whatsapp) and 8617759018888 (Whatsapp) and

pkdoingthebest2008 (Instagram) and r/PKDoingBest (Reddit) and u/PKDoingBest (Reddit), is

part of Network 44 and is an individual or entity whose, upon information and belief, actual

name and address is currently unknown.  Upon information and belief, Defendant doing business

as perfectkicks.top has acted in conjunction with all the Network 44 Defendants, including the

Infringing Websites, Infringing Social Media accounts, email addresses, and names, as set forth

in Exhibit 1, and including any individuals or entities whose actual names and addresses are

currently unknown.

273.    Upon information and belief, the Network 44 Defendants have made a conscious decision

to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious

force behind the operation of the fully interactive, commercial websites available at the URLs as

well as other online platforms, including social media sites listed in Exhibit 1 under the heading

"Defendants – Network 44."

274.    By selling and offering to sell Counterfeit Products to the consuming public through the

Infringing Platforms, the Network 44 Defendants willfully infringed various valuable, federally

protected Nike and Converse trademarks in connection with the sale, offering for sale, and

distribution of the specific types of goods set forth in Exhibit 6 under the heading "Defendants –
Network 44."

**Network 45 Defendants**

275.     Upon information and belief, Network 45 consists of 1 Infringing Website, 1 known
Defendant name, and 2 email addresses, and 4 Infringing Social Media accounts, as well as other
ABC Companies and John Does whose actual names and other identifying information are
currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a
closely-related network of counterfeiters (collectively, the "**Network 45 Defendants**").  The
aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email
addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1
under the heading "Defendants – Network 45."

276.     These Infringing Websites and Infringing Social Media are all connected through a
number of unique identifiers such as email addresses, website analytic information, and social
media accounts that are controlled by one or more Defendants in the Network and is associated
in a public manner with Network 45.

277.     In order to uncover identifying information of the Network 45 Defendants, on July 25,
2023, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Louis Vuitton x Nike Air
Force 1 Triple White sneakers, from the website jaskicks.ru, which is part of Network 45.  This
product was shipped to New York.  Plaintiff has verified that this product is counterfeit.

278.     Plaintiffs have reason to believe that Defendant Xiaoqing Zhong (钟小青), doing

business as Infringing Website jaskicks.ru, and through the email address jaskicks@outlook.com
and zxq5790316@163.com, and the Infringing Social Media accounts 8613288881136
(Whatsapp) and jaskicks2008 (Instagram) and r/jaskicks2008 (Reddit) and u/JASKicks2008

(Reddit), is part of Network 45 and is an individual or entity whose, upon information and belief, actual name and address is currently unknown.  Upon information and belief, Defendant doing business as jaskicks.ru has acted in conjunction with all the Network 45 Defendants, including the Infringing Websites, Infringing Social Media accounts, email addresses, and names, as set forth in Exhibit 1, and including any individuals or entities whose actual names and addresses are currently unknown.

279.    Upon information and belief, the Network 45 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious force behind the operation of the fully interactive, commercial websites available at the URLs as well as other online platforms, including social media sites listed in Exhibit 1 under the heading "Defendants – Network 45."

280.    By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 45 Defendants willfully infringed various valuable, federally protected Nike and Converse trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 6 under the heading "Defendants – Network 45."

**Network 46 Defendants**

281.    Upon information and belief, Network 46 consists of 2 Infringing Websites, 2 known Defendant names, and 2 email addresses, and 2 Infringing Social Media accounts, as well as other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely-related network of counterfeiters (collectively, the "**Network 46 Defendants**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email

addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 46."

282.    These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and is associated in a public manner with Network 46.

283.    In order to uncover identifying information of the Network 46 Defendants, on July 26, 2023, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Nikev2k Runtekk White sneakers, from the website coptop.ru, which is part of Network 46.  This product was shipped to New York.  Plaintiff has verified that this product is counterfeit.

284.    Plaintiffs have reason to believe that Defendant Zhenqin Chen (陈珍琴), doing business as merchant account COPTOP through Infringing Websites coptop.ru and coptop.top, and through the email addresses coptopvip@gmail.com and copsneakers.top@gmail.com, and the Infringing Social Media accounts 85261546060 (Whatsapp) and coptop.top (Instagram), is part of Network 46 and is an individual or entity whose, upon information and belief, actual name and address is currently unknown.  Upon information and belief, Defendant doing business as coptop.ru has acted in conjunction with all the Network 46 Defendants, including the Infringing Websites, Infringing Social Media accounts, email addresses, and names, as set forth in Exhibit 1, and including any individuals or entities whose actual names and addresses are currently unknown.

285.    Upon information and belief, the Network 46 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious force behind the operation of the fully interactive, commercial websites available at the URLs as

well as other online platforms, including social media sites listed in Exhibit 1 under the heading "Defendants – Network 46."

286.    By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 46 Defendants willfully infringed various valuable, federally protected Nike and Converse trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 6 under the heading "Defendants – Network 46."

**Network 47 Defendants**

287.    Upon information and belief, Network 47 consists of 1 Infringing Websites, 1 known Defendant names, and 2 email addresses, and 4 Infringing Social Media accounts, as well as other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely-related network of counterfeiters (collectively, the "**Network 47 Defendants**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 47."

288.    These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and is associated in a public manner with Network 47.

289.    In order to uncover identifying information of the Network 47 Defendants, on July 25, 2023, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Jordan 1 Retro High Off-

White Chicago sneakers, from the website m1sneakers.com, which is part of Network 47. This product was shipped to New York. Plaintiff has verified that this product is counterfeit.

290.    Plaintiffs have reason to believe that Defendant Casnda Corp Limited-B2C, doing business as Infringing Website m1sneakers.com, and through the email addresses m1sneakers@outlook.com and 1053245683@qq.com, and the Infringing Social Media accounts 85269248974 (Whatsapp) and 85292478434 (Whatsapp) and m1sneakers (Facebook) and m1sneakers01 (Instagram), is part of Network 47 and is an individual or entity whose, upon information and belief, actual name and address is currently unknown. Upon information and belief, Defendant doing business as m1sneakers.com has acted in conjunction with all the Network 47 Defendants, including the Infringing Websites, Infringing Social Media accounts, email addresses, and names, as set forth in Exhibit 1, and including any individuals or entities whose actual names and addresses are currently unknown.

291.    Upon information and belief, the Network 47 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious force behind the operation of the fully interactive, commercial websites available at the URLs as well as other online platforms, including social media sites listed in Exhibit 1 under the heading "Defendants – Network 47."

292.    By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 46 Defendants willfully infringed various valuable, federally protected Nike and Converse trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 6 under the heading "Defendants – Network 47."

**Network 48 Defendants**

293.    Upon information and belief, Network 48 consists of 2 Infringing Websites, 1 known Defendant name, and 3 email addresses, and 6 Infringing Social Media accounts, as well as other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely-related network of counterfeiters (collectively, the "**Network 48 Defendants**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 48."

294.    These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and is associated in a public manner with Network 48.

295.    In order to uncover identifying information of the Network 48 Defendants, on August 30, 2023, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Air Jordan 1 Retro High '85 "Georgetown" sneakers, from the website bombline.la, which is part of Network 48.  This product was shipped to New York.  Plaintiff has verified that this product is counterfeit.

296.    Plaintiffs have reason to believe that Defendant Bo Ying Trading Hong Kong Limited, doing business as Infringing Websites bombline.la and bombline.cc, and through the email addresses lemonzf73@163.com and bombline.cc@gmail.com and bomblineofficial@gmail.com, and the Infringing Social Media accounts 85253055346 (Whatsapp) and 85256157445 (Whatsapp) and 85268421175 (Whatsapp) and bombline-cc (WeChat) and bombline_kicks (Instagram) and r/BombLine (Reddit), is part of Network 48 and is an individual or entity whose, upon information and belief, actual name and address is currently unknown.  Upon information

and belief, Defendant doing business as bombline.la has acted in conjunction with all the Network 48 Defendants, including the Infringing Websites, Infringing Social Media accounts, email addresses, and names, as set forth in Exhibit 1, and including any individuals or entities whose actual names and addresses are currently unknown.

297.    Upon information and belief, the Network 48 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious force behind the operation of the fully interactive, commercial websites available at the URLs as well as other online platforms, including social media sites listed in Exhibit 1 under the heading "Defendants – Network 48."

298.    By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 48 Defendants willfully infringed various valuable, federally protected Nike and Converse trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 6 under the heading "Defendants – Network 48."

**Network 49 Defendants**

299.    Upon information and belief, Network 49 consists of 1 Infringing Website, 2 email addresses, and 2 Infringing Social Media accounts, as well as other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely-related network of counterfeiters (collectively, the "**Network 49 Defendants**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 49."

300.    These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and is associated in a public manner with Network 49.

301.    In order to uncover identifying information of the Network 48 Defendants, on July 25, 2023, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Air Jordan 1 Travis Scott Oliver sneakers, from the website ebuysneakers.com, which is part of Network 49.  This product was shipped to New York.  Plaintiff has verified that this product is counterfeit.

302.    Plaintiffs have reason to believe that Defendant doing business as Infringing Website ebuysneakers.com, and through the email addresses sale@ebuysneakers.com and 870895201@qq.com, and the Infringing Social Media accounts ebuysneakers (Instagram) and 86 138 5985 5080 (Phone), is part of Network 49 and is an individual or entity whose, upon information and belief, actual name and address is currently unknown.  Upon information and belief, Defendant doing business as ebuysneakers.com has acted in conjunction with all the Network 49 Defendants, including the Infringing Websites, Infringing Social Media accounts, email addresses, and names, as set forth in Exhibit 1, and including any individuals or entities whose actual names and addresses are currently unknown.

303.    Upon information and belief, the Network 49 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious force behind the operation of the fully interactive, commercial websites available at the URLs as well as other online platforms, including social media sites listed in Exhibit 1 under the heading "Defendants – Network 49."

304.    By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 49 Defendants willfully infringed various valuable, federally protected Nike and Converse trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 6 under the heading "Defendants – Network 49."

**Network 50 Defendants**

305.    Upon information and belief, Network 50 consists of 1 Infringing Website, 1 known Defendant name, and 1 email address, as well as other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely-related network of counterfeiters (collectively, the "**Network 50 Defendants**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 50."

306.    These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and is associated in a public manner with Network 50.

307.    In order to uncover identifying information of the Network 50 Defendants, on July 25, 2023, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Retro 85 AJ1 soles (Varsity Red) sneakers, from the website xylar.co, which is part of Network 50.  This product was shipped to New York.  Plaintiff has verified that this product is counterfeit.

308.    Plaintiffs have reason to believe that Defendant SP Xylar Studio, doing business as Infringing Website xylar.co, and through the email address sales@xylar.co, is part of Network 50 and is an individual or entity whose, upon information and belief, actual name and address is currently unknown.  Upon information and belief, Defendant doing business as xylar.co has acted in conjunction with all the Network 50 Defendants, including the Infringing Websites, Infringing Social Media accounts, email addresses, and names, as set forth in Exhibit 1, and including any individuals or entities whose actual names and addresses are currently unknown.

309.    Upon information and belief, the Network 50 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious force behind the operation of the fully interactive, commercial websites available at the URLs as well as other online platforms, including social media sites listed in Exhibit 1 under the heading "Defendants – Network 50."

310.    By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 50 Defendants willfully infringed various valuable, federally protected Nike and Converse trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 6 under the heading "Defendants – Network 50."

**Network 51 Defendants**

311.    Upon information and belief, Network 51 consists of 2 Infringing Websites, 1 known Defendant name, and 1 email address, as well as other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely-related network of counterfeiters (collectively, the "**Network 51 Defendants**").  The aliases and "d/b/a" names, including

Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 51."

312.    These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and is associated in a public manner with Network 51.

313.    In order to uncover identifying information of the Network 51 Defendants, on October 12, 2023, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Air Jordan 1 Mid Strawberries and Cream Women's sneakers, from the website rsneakers.fun, which is part of Network 51.  This product was shipped to New York.  Plaintiff has verified that this product is counterfeit.

314.    Plaintiffs have reason to believe that Defendant doing business as the merchant account $DedianFang, and through Infringing Websites dmsneaker.com and rsneakers.fun, and through the email address rwindsneakers@outlook.com, is part of Network 51 and is an individual or entity whose, upon information and belief, actual name and address is currently unknown.  Upon information and belief, Defendant doing business as rsneakers.fun has acted in conjunction with all the Network 51 Defendants, including the Infringing Websites, Infringing Social Media accounts, email addresses, and names, as set forth in Exhibit 1, and including any individuals or entities whose actual names and addresses are currently unknown.

315.    Upon information and belief, the Network 51 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious force behind the operation of the fully interactive, commercial websites available at the URLs as

well as other online platforms, including social media sites listed in Exhibit 1 under the heading "Defendants – Network 51."

316.    By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 51 Defendants willfully infringed various valuable, federally protected Nike and Converse trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 6 under the heading "Defendants – Network 51."

**Network 52 Defendants**

317.    Upon information and belief, Network 52 consists of 1 Infringing Website, 1 known Defendant name, and 1 email address, as well as other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely-related network of counterfeiters (collectively, the "**Network 52 Defendants**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 52."

318.    These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and is associated in a public manner with Network 52.

319.    In order to uncover identifying information of the Network 52 Defendants, on September 29, 2023, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Nik(e) Blazer Recyclables Japanese Readymade sneakers, from the website solenlaces.com, which is part of

Network 52.  This product was shipped to New York.  Plaintiff has verified that this product is counterfeit.

320.    Plaintiffs have reason to believe that Defendant doing business as Infringing Website solenlaces.com, and through the email address solenlaces21@gmail.com, is part of Network 52 and is an individual or entity whose, upon information and belief, actual name and address is currently unknown.  Upon information and belief, Defendant doing business as solenlaces.com has acted in conjunction with all the Network 52 Defendants, including the Infringing Websites, Infringing Social Media accounts, email addresses, and names, as set forth in Exhibit 1, and including any individuals or entities whose actual names and addresses are currently unknown.

321.    Upon information and belief, the Network 52 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious force behind the operation of the fully interactive, commercial websites available at the URLs as well as other online platforms, including social media sites listed in Exhibit 1 under the heading "Defendants – Network 52."

322.    By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 52 Defendants willfully infringed various valuable, federally protected Nike and Converse trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 6 under the heading "Defendants – Network 52."

**ABC Company and John Doe Defendants**

323.    Upon information and belief, ABC Companies 1-100 are companies engaged in the manufacture, distribution, sale and advertisement of Counterfeit Products, but whose identity and number are not presently known.

324.    Upon information and belief, John Does 1-100 are individuals who are consciously engaged in directing, controlling, ratifying, or otherwise participating in the manufacture, distribution, sale, and advertisement of Counterfeit Products, or who consciously and directly benefit financially from the manufacture, distribution, sale, and advertisement of Counterfeit Products, but whose identity and numbers are presently unknown.

325.    Upon information and belief, the Defendants operate, and will operate, additional Infringing Websites that are not currently known to Plaintiffs but that may become known to Plaintiffs at a later date.  Upon information and belief, the Defendants operate, and will operate, additional Infringing Social Media that are not currently known to Plaintiffs but that may become known to Plaintiffs at a later date.  Upon information and belief, Defendants use, and will use, additional email addresses that are not currently known to Plaintiffs but that may become known to Plaintiffs at a later date.  Upon information and belief, Defendants use, and will use, additional aliases that are not currently known to Plaintiffs but that may become known to Plaintiffs at a later date.  Plaintiffs' investigation of Defendants' unlawful conduct is ongoing, and Plaintiffs expect to identify other of Defendants' Infringing Websites, Infringing Social Media, email addresses and aliases.

## JURISDICTION AND VENUE

326.    This action arises under the Trademark Act of 1946, 15 U.S.C. § 1051, et seq., as amended by the Trademark Counterfeiting Act of 1984, Pub. L. 98-473 (Oct. 12, 1984), the Anticybersquatting Consumer Protection Act of 1996, Pub. L. 104-153 (July 2, 1996), and the Prioritizing Resources and Organization for Intellectual Property Act of 2007, H.R. 4279 (Oct. 13, 2008) (the "**Lanham Act**"), and the laws of the State of New York.

327.    This Court has jurisdiction under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a) and 1338(b).  This Court has supplemental jurisdiction over all other claims asserted herein under 28 U.S.C. § 1367(a).

328.    Personal jurisdiction is proper over all Defendants pursuant to N.Y.C.P.L.R. § 302(a) because each of the Defendants regularly conducts, solicits, or transacts business in New York and in this District.  Jurisdiction is also proper because Defendants have offered to sell and have sold Counterfeit Products to consumers within New York and this District; Defendants have solicited consumers within New York and this District; Defendants have entered into agreements with consumers and businesses within New York and this District; Defendants derive substantial revenue in interstate and/or international commerce; and because Defendants regularly and systematically direct electronic activity into the State of New York through their fully interactive websites with the manifest intent of engaging in business within New York and this District; and because the unlawful, tortious conduct complained of herein has caused, and continues to cause, injury to Plaintiff within New York and this District.

        a.    Upon information and belief, Defendants were and/or are systematically directing and/or targeting their business activities at consumers in the United States, including New York, through the Infringing Platforms as well as any and all as yet undiscovered Infringing Platforms, through which consumers in the United States, including New York, can view the one or more Infringing Websites or Infringing Social Media that each Defendant operates, uses to communicate with Defendants regarding their listings for Counterfeit Products and to place orders for, receive invoices for and purchase Counterfeit Products for delivery in New

York, as a means for establishing regular business with the U.S., including New York.

b.  Upon information and belief, Defendants are sophisticated sellers, each operating one or more commercial businesses through their respective Networks, using their Infringing Platforms and related operations to manufacture, import, export, advertise, market, promote, distribute, offer for sate, sell and/or otherwise deal in products, including the Counterfeit Products to consumers worldwide, including to consumers in the United States, and specifically in New York.

c.  Upon information and belief, a majority of Defendants' Infringing Websites reflect multiple sales to consumers all over the world, including repeat sales to consumers in the United States.

d.  Upon information and belief, all Defendants accept payment in U.S. Dollars and offer shipping to the U.S., including to New York.

e.  Upon information and belief, Defendants have transacted, business with consumers located in the United States, for the sale and shipment of Counterfeit Products to New York.

f.  Upon information and belief, Defendants are aware of Nike, its Nike Products and Nike Marks, and are aware that their illegal counterfeiting and infringing actions alleged herein are likely to cause injury to Nike in the U.S. and specifically, in New York, as Nike conducts substantial business in New York.

g.  Upon information and belief, Defendants are aware of Converse, its Converse Products and Converse Marks, and are aware that their illegal counterfeiting and infringing actions alleged herein are likely to cause injury to Converse in the U.S.

and specifically, in New York, as Converse conducts substantial business in New York.

329.    Venue is proper, inter alia, pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to these claims arose in this District and customer confusion is likely to occur in this District.

## PLAINTIFFS' BUSINESS AND MARKS

330.    As described further below, the Nike and Converse brands are enormously popular with the general public, both in the United States and worldwide.  Plaintiffs' advertising, promotional, and marketing efforts have resulted in widespread and favorable public acceptance and recognition of the Nike and Converse trademarks.

331.    Plaintiffs' Marks appear on genuine Nike and Converse Products (either on their labels, packaging, on the products themselves, or in the design of the products) and in their respective advertising and promotional materials.  Based on the extensive sales of Plaintiffs' Products and their wide popularity, Plaintiffs' Marks are either inherently distinctive or have developed a secondary meaning and significance in the minds of the purchasing public, and the purchasing public immediately identifies the services and products utilizing and/or bearing such trademarks with Plaintiffs.

332.    To ensure consumer satisfaction, genuine Nike and Converse Products are subject to strict quality control guidelines prior to distribution and sale.  The enforcement of these guidelines has caused consumers, potential consumers, and other members of the public to associate Plaintiffs' Products with high quality materials, style and workmanship.  Consequently, Plaintiffs have created invaluable goodwill throughout the United States and elsewhere by selling products of dependable quality.

**Nike's Business and Marks**

333.    Nike is the owner of the right, title and interest in and to, inter alia, the following well-

established trademarks registered with the United States Patent and Trademark Office (the "Nike

Marks") which appear on the Infringing Websites:

| Title | Classes | Status/Status Date | Registration Number | Trademark Design |
|---|---|---|---|---|
| ACG with Swoosh & Triangles Design*[1] | 25- footwear | Registered And Renewed 5/17/2018 | 2164358 | |
| ACG Nike & Triangle Design* | 25- footwear | Registered And Renewed 5/25/2018 | 2117273 | |
| Swoosh over Air Design* | 25- Clothing, footwear, headgear | Registered And Renewed 2/21/2017 | 2068075 | |
| AIR FLIGHT | 25- footwear | Registered And Renewed 4/29/2023 | 1686515 | |
| AIR FORCE I | 25- footwear | Registered And Renewed 10/16/2018 | 3520484 | AIR FORCE I |
| Air Jordan & Wings Design* | 25- Clothing, footwear, headgear | Registered And Renewed 2/2/2020 | 3725535 | |
| AIR JORDAN | 25- Clothing, footwear | Registered And Renewed 1/25/2016 | 1370283 | |
| AIR MAX | 25- footwear | Registered And Renewed 2/9/2018 | 1508348 | |

---

[1]        * indicates unofficial, descriptive title.

| Title | Classes | Status/Status Date | Registration Number | Trademark Design |
|---|---|---|---|---|
| AIR TRAINER MAX | 25- footwear | Registered And Renewed 9/27/2013 | 1789463 | |
| AIR270 | 25- footwear | Registered 8/11/2020 | 6124768 | AIR270 |
| AIR-SOLE | 25 - insoles | Registered and Renewed 3/31/2021 | 1145812 | |
| Coil Design* | 25- footwear | Registered And Renewed 6/17/2023 | 2584382 |  |
| CORTEZ | 25- footwear | Registered And Renewed 6/10/2015 | 1027021 | |
| DRI-FIT | 25- Clothing, headgear 28 – Sporting goods | Registered And Renewed 9/16/2022 | 2571314 | DRI-FIT |
| DRI-FIT | 25- Clothing | Registered And Renewed 2/5/2015 | 1887959 | |
| DRI-FIT | 25- Clothing | Registered And Renewed 4/5/2023 | 1794058 | |
| DUNK | 25- footwear | Registered and Renewed 10/30/2020 | 3780236 | DUNK |
| ELITE | 25- footwear | Registered And Renewed 2/17/2022 | 1173359 | |

| Title | Classes | Status/Status Date | Registration Number | Trademark Design |
|-------|---------|--------------------|--------------------|------------------|
| FLIGHT | 25- Clothing | Registered And Renewed 1/7/2015 | 2910530 | |
| FLYEASE | 25 - footwear | Continued Use And Incontestability Accepted 2/28/2023 | 5244829 | |
| FLYKNIT | 25- footwear | Continued Use And Incontestibility Accepted 10/8/2019 | 4393310 | FLYKNIT |
| FLYWIRE | 25- footwear | Registered And Renewed 1/21/2020 | 3640542 | FLYWIRE |
| JUMPMAN | 25- Clothing, footwear, headgear | Registered And Renewed 1/10/2020 | 3627820 | JUMPMAN |
| JumpMan Design | 25- Clothing, footwear, headgear 18- Leather and imitations of leather | Registered And Renewed 5/10/2023 | 1742019 |  |
| JumpMan Design | 25- Clothing, footwear | Registered And Renewed 3/6/2020 | 1558100 |  |
| JumpMan Design | 28 - basketballs | Registered and Renewed 5/17/2018 | 3428287 |  |
| JUST DO IT | 25- Clothing, footwear, headgear 18- Leather and imitations of leather | Continued Use And Incontestability | 4764071 | JUST DO IT |

| Title | Classes | Status/Status Date | Registration Number | Trademark Design |
|---|---|---|---|---|
| | | Accepted 9/1/2021 | | |
| JUST DO IT | 9- Cell phone cases and accessories; eyewear; sunglasses; | Continued Use And Incontestability Accepted 9/1/2021 | 4704671 | JUST DO IT |
| JUST DO IT. | 25- Clothing, headgear | Registered And Renewed 12/19/2014 | 1875307 | |
| KD Design* | 25- Clothing, footwear 18- Leather and imitations of leather | Continued Use And Incontestibility Accepted 9/11/2020 | 4462766 |  |
| LeBron Logo* | 28- Sports balls; basketballs 25- Clothing, footwear, headgear 18- Leather and imitations of leather | Registered and Renewed 6/30/2023 | 4254513 |  |
| Logo Mark | 25- footwear | Registered and Renewed 12/26/2019 | 5820374 |  |
| Swoosh Spiral Design* | 25- footwear | Registered and Renewed 9/30/2020 | 3833438 |  |
| AirMax 95 Body Design* | 25- footwear | Registered And Renewed 10/26/2019 | 3714300 |  |

| Title | Classes | Status/Status Date | Registration Number | Trademark Design |
|---|---|---|---|---|
| Logo Mark | 25- footwear | Registered And Renewed 8/6/2019 | 3711303 |  |
| Logo Mark | 25- footwear | Registered And Renewed 12/26/2019 | 3711305 |  |
| Single Sole* | 25- footwear | Registered And Renewed 12/26/2019 | 3721064 |  |
| Swoosh Spiral Shaded Design* | 25- Clothing | Registered and Renewed 10/9/2020 | 3826832 |  |
| Logo Mark | 25- footwear | Registered And Renewed 6/22/2018 | 3451907 |  |
| Logo Mark | 25- footwear | Registered And Renewed 6/22/2018 | 3451906 |  |
| Double Sole* | 25- footwear | Registered And Renewed 6/22/2018 | 3451904 |  |
| Logo Mark | 25- footwear | Registered And Renewed 6/22/2018 | 3451905 |  |
| LUNARLON | 25- footwear 17-Padding and cushioning materials | Registered And Renewed 8/31/2021 | 3962725 | LUNARLON |
| M Design* | 25- Clothing, footwear, headgear | Registered 9/13/2022 | 6846912 |  |

| Title | Classes | Status/Status Date | Registration Number | Trademark Design |
|---|---|---|---|---|
| Melo Design* | 25- Clothing, footwear | Registered And Renewed 3/25/2019 | 3580156 | |
| MERCURIAL | 25- footwear 18- Leather and imitations of leather | Registered And Renewed 3/27/2023 | 4210496 | MERCURIAL |
| MERCURIAL SUPERFLY | 25- footwear | Continued Use And Incontestability Accepted 2/28/2021 | 4645381 | MERCURIAL SUPERFLY |
| METCON | 25- footwear | Registered 4/10/2018 | 5440973 | METCON |
| Nadal Design* | 25- Clothing, footwear, headgear | Registered And Renewed 8/30/2022 | 4112206 | |
| NIKE | 9- Cell phone cases and accessories; eyewear; sunglasses; | Continued Use And Incontestability Accepted 7/21/2021 | 4704670 | NIKE |
| NIKE | 9- eyewear; sunglasses; | Registered And Renewed 5/24/2015 | 3081688 | NIKE |
| NIKE | 14- Precious metals and their alloys; jewelry, precious stones | Registered And Renewed 2/27/2018 | 2196735 | |
| NIKE | 25- Clothing | Registered And Renewed 12/23/2015 | 1945654 | |

| Title | Classes | Status/Status Date | Registration Number | Trademark Design |
|-------|---------|--------------------|--------------------|------------------|
| Nike Over Swoosh Design* | 25- footwear | Registered And Renewed 2/10/2017 | 2104329 | *nike* |
| Nike & Swoosh Design* | 18- Leather and imitations of leather | Registered And Renewed 9/29/2023 | 1772987 | NIKE |
| Nike & Swoosh Design* | 25- Clothing, headgear | Registered And Renewed 9/29/2023 | 1237469 | NIKE |
| NIKE | 25- Clothing, headgear | Registered And Renewed 4/14/2014 | 1277066 | |
| NIKE | 25- footwear | Registered And Renewed 12/17/2022 | 1214930 | |
| Nike & Swoosh Design* | 25- footwear | Registered And Renewed 12/10/2014 | 1325938 | NIKE |
| Nike & Swoosh Design | 28 – sports balls | Registered and Renewed 2/13/2017 | 2024436 | NIKE |
| NIKE | 18- Leather and imitations of leather | Registered And Renewed 8/31/2021 | 1153938 | |
| NIKE | 25- Clothing, footwear, headgear | Registered And Renewed 1/17/2014 | 0978952 | |
| NIKE | 28 – sports balls | Registered and Renewed 12/23/2016 | 2025926 | |
| Nike Air & Swoosh Design* | 25- Clothing | Registered And Renewed 5/9/2019 | 1571066 | NIKE A I R |

| Title | Classes | Status/Status Date | Registration Number | Trademark Design |
|-------|---------|--------------------|--------------------|------------------|
| NIKE AIR | 25- footwear | Registered And Renewed 8/15/2014 | 1307123 | |
| Nike Air Slanted & Swoosh Design* | 25- footwear | Registered And Renewed 6/27/2014 | 1284386 | *NIKE AIR* |
| NIKE AIR VAPORMAX | 25- footwear | Continued Use And Incontestability Accepted 2/13/2024 | 5286596 | NIKE AIR VAPORMAX |
| NIKE FREE | 25- footwear | Registered And Renewed 2/9/2017 | 3192901 | NIKE FREE |
| NIKE LUNAR | 25- footwear | Continued Use And Incontestability Accepted 4/14/2022 | 4901503 | NIKE LUNAR |
| NIKE SHOX | 25- footwear | Registered And Renewed 4/1/2015 | 2970902 | NIKE SHOX |
| NIKE VAPOR | 25- Clothing, footwear, headgear | Continued Use And Incontestability Accepted 8/11/2022 | 5144112 | NIKE VAPOR |
| NIKECONNECT Logo | 9 - near field communication (NFC) tags for identifying and tracking products 25 – clothing  incorporating near field | Registered 10/6/2020 | 6171435 | NIKECONNECT |

| Title | Classes | Status/Status Date | Registration Number | Trademark Design |
|---|---|---|---|---|
| | communication (nfc) technology | | | |
| NIKEFREE | 25- footwear | Registered And Renewed 7/19/2016 | 3087455 | NIKEFREE |
| NIKESKIN | 25- footwear | Continued Use And Incontestability Accepted 1/28/2023 | 5003579 | NIKESKIN |
| PRESTO | 25- footwear | Registered And Renewed 9/30/2023 | 2716140 | PRESTO |
| SWOOSH | 25- Clothing | Registered And Renewed 2/26/2018 | 2164810 | |
| SWOOSH | 25- footwear | Registered And Renewed 10/25/2022 | 1200529 | |
| Swoosh Design* | 9- Cell phone cases and accessories; eyewear; sunglasses; | Continued Use And Incontestability Accepted 7/21/2021 | 4704672 | |
| Swoosh Design* | 25- Clothing | Registered And Renewed 10/30/2015 | 1990180 | |
| Swoosh Design* | 25- Clothing, headgear | Registered And Renewed 6/27/2014 | 1284385 | |
| Swoosh Design* | 25- footwear | Registered And Renewed 2/17/2015 | 1323343 | |

| Title | Classes | Status/Status Date | Registration Number | Trademark Design |
|-------|---------|--------------------|--------------------|------------------|
| Swoosh on Phantom Shoe* | 25- footwear | Registered And Renewed 2/3/2015 | 1323342 |  |
| Swoosh w/ Rectangle Design* | 25- Clothing, footwear, headgear 18- Leather and imitations of leather | Registered 9/15/2020 | 6154051 |  |
| TAILWIND | 25- Clothing, headgear | Registered And Renewed 9/19/2015 | 1933600 | |
| TAILWIND | 25- footwear | Registered And Renewed 8/31/2021 | 1153237 | |
| TECHKNIT | 25- Clothing, headgear | Registered 3/19/2019 | 5700611 | TECH KNIT |
| THERMA-FIT | 25- Clothing | Registered And Renewed 4/5/2014 | 1839775 | |
| TIEMPO | 25- footwear | Registered And Renewed 3/24/2023 | 4210491 | TIEMPO |
| TRIAX | 25- footwear | Registered And Renewed 1/14/2014 | 2810679 | |
| VAPORMAX | 25- footwear | Registered 6/26/2018 | 5503242 | VAPORMAX |
| VOMERO | 25- footwear | Continued Use And Incontestability Accepted 8/23/2022 | 4908872 | VOMERO |

| Title | Classes | Status/Status Date | Registration Number | Trademark Design |
|-------|---------|--------------------|--------------------|------------------|
| WAFFLE | 25 - footwear | Registered and Renewed 4/2/2014 | 1276233 | |

334.    Registrations for the trademarks set forth above are valid, subsisting, unrevoked, and uncancelled.  Additionally, many of Nike's registrations have achieved incontestable status pursuant to 15 U.S.C. § 1065.  Nike also owns common law rights in the above and other trademarks for use in connection with the Nike Products.

335.    The Nike Marks are in full force and effect.  Nike has built substantial goodwill in the Nike Marks and has never abandoned that good will.  The most valuable, and most frequently imitated, Nike Trademarks are famous marks as that term is used in 15 U.S.C. § 1125(c)(1), and all of the Nike Trademarks have been continuously used and never abandoned.  The innovative marketing and product design of the Nike Products have enabled Nike to achieve widespread recognition and fame and have made the Nike Marks some of the most well-known marks in the athletic apparel and footwear industry, if not all industries.  The widespread fame, outstanding reputation, and significant goodwill associated with the Nike brand has made the Nike Marks invaluable assets.

336.    Nike intends to continue to preserve and maintain its rights with respect to the Nike Marks.  Nike has continuously used the Nike Marks in interstate commerce in connection with the sale, distribution, promotion, and advertising of genuine Nike Products since their respective dates of first use as noted on the federal trademark registration certificates.

337.    Since its founding in 1964, Nike has designed, advertised, offered for sale, and sold footwear and related products, including apparel, accessories, and equipment.  Among other things, Nike markets and sells athletic footwear, apparel and sporting goods for men, women,

and children.  Nike athletic footwear is generally designed for specific athletic use, such as running, basketball, and soccer.

338.    Today, Nike is a multi-billion dollar brand and is the world's leading designer, marketer, and distributor of athletic footwear and apparel products which are marked with the famous Nike trademarks.  In addition to spending significant amounts in support of advertising and promotion of the Nike Products, Nike conducts successful marketing campaigns across various social media platforms, including Facebook, Twitter, YouTube, Instagram, TikTok, and Snapchat, in an effort to further promote the Nike Marks and Nike Products.

339.    Given the success of the brand, Nike spends considerable resources to market advertise, and protects it brand.  To maintain the quality and integrity associated with authentic Nike Products, Nike controls and limits the distribution of goods authorized to bear the Nike Marks. Authentic Nike Products are distributed through authorized online and brick-and-mortar retailers, distributors, and licensees, as well as Nike-owned websites and retail stores, such as the Nike NYC store on Manhattan's Fifth Avenue.  Sales of Nike Products via the Nike.com website are significant.  The Nike.com website features proprietary content, images and designs exclusive to the Nike brand.

340.    Among the purchasing public, both in the United States and around the word, genuine Nike Products are instantly recognizable as high quality, innovative, and dependable.  The Nike Marks identify, in the United States and throughout the world, high quality products designed and manufactured by Nike.

341.    The widespread popularity of Nike Products has resulted in the Nike Marks having developed a significance in the minds of the purchasing public, and the purchasing public

immediately identifies the services and products utilizing and/or bearing such trademarks with Nike.

**Converse's Business and Marks**

342.    Converse is the owner of the right, title and interest in and to, *inter alia*, the following well-established trademarks registered with the United States Patent and Trademark Office (the "**Converse Marks**") which appear on the Infringing Websites:

| Title | Classes | Status/Status Date | Registration Number | Trademark Design |
|-------|---------|--------------------|--------------------|------------------|
| ALL STAR | 25 - footwear | Registered And Renewed 2/8/2014 | 2807854 | |
| ALL STAR | 25 – athletic shoes | Registered And Renewed 7/19/2019 | 369971 | |
| ALL STAR | 18 – sports bags | Registered And Renewed 4/21/2014 | 1275191 | |
| ALL STAR | 25 - shirts | Registered And Renewed 5/6/2014 | 1276236 | |
| ALL STAR | 25 - footwear | Registered And Renewed 5/19/2021 | 1146876 | ALL★STAR |

| Title | Classes | Status/Status Date | Registration Number | Trademark Design |
|---|---|---|---|---|
| ALL STAR | 25 - clothing | Registered And Renewed 6/24/2016 | 1981319 | ALL★STAR |
| ALL STAR | 25 – clothing | Registered And Renewed 6/15/2021 | 2435789 | ALL★STAR |
| CX Design | 25 – boots and shoes | Registered And Renewed 6/4/2018 | 121760 | |
| CHUCK 70 | 25 – footwear | Registered 4/9/2019 | 5722153 | |
| CHUCK TAYLOR (Signature) | 25 – clothing | Registered And Renewed 7/1/2014 | 2856926 | Chuck Taylor |
| CHUCK TAYLOR | 25 – footwear; clothing, headgear | Registered And Renewed 11/24/2018 | 3534741 | |
| CHUCK TAYLOR (Signature) | 25 – shoes | Registered And Renewed 7/28/2014 | 315273 | Chuck Taylor |

| Title | Classes | Status/Status Date | Registration Number | Trademark Design |
|-------|---------|--------------------|--------------------|------------------|
| CONS | 25 – footwear | Registered And Renewed 6/1/2018 | 1493265 | |
| CONS | 25 – clothing, headwear | Registered And Renewed 1/31/2024 | 1790496 | |
| CONVERSE | 9 – eyeglasses | Registered And Renewed 4/9/2014 | 2869353 | |
| CONVERSE | 16 – books, pens 18 – book bags | Registered And Renewed 11/22/2021 | 2466322 | |
| CONVERSE | 18 – sports bags | Registered And Renewed 8/9/2014 | 2872822 | |
| CONVERSE | 25 – clothing, footwear | Registered And Renewed 5/23/2019 | 868375 | |

| Title | Classes | Status/Status Date | Registration Number | Trademark Design |
|-------|---------|--------------------|--------------------|------------------|
| CONVERSE | 25 – socks | Registered And Renewed 2/8/2014 | 2810717 | |
| CONVERSE | 26 – shoes laces | Registered And Renewed 7/8/2017 | 3289613 | |
| CONVERSE | 25 – clothing, headwear | Registered And Renewed 12/22/2014 | 1868363 | |
| CONVERSE | 35 – retail store services | Registered And Renewed 11/19/2016 | 3175430 | |
| CONVERSE.COM | 42 – computer services | Registered And Renewed 9/23/2021 | 2453856 | |
| CONVERSE CHUCK TAYLOR ALL STAR Ankle Design | 25 – footwear | Registered And Renewed 6/1/2018 | 1490262 |  |

| Title | Classes | Status/Status Date | Registration Number | Trademark Design |
|---|---|---|---|---|
| CONVERSE CHUCK TAYLOR ALL STAR | 18 – sports bags | Registered And Renewed 1/17/2023 | 1738330 |  |
| CONVERSE CHUCK TAYLOR ALL STAR | 18 – book bags | Registered And Renewed 11/22/2021 | 2466301 |  |
| CONVERSE CHUCK TAYLOR ALL STAR | 25 – footwear | Registered And Renewed 9/12/2020 | 1138469 |  |
| CONVERSE CHUCK TAYLOR ALL STAR | 25 – clothing | Registered And Renewed 2/7/2015 | 1877671 |  |
| CONVERSE CHUCK TAYLOR ALL STAR | 25 – t-shirts | Registered And Renewed 6/15/2021 | 2435788 |  |

| Title | Classes | Status/Status Date | Registration Number | Trademark Design |
|---|---|---|---|---|
| CONVERSE CHUCK TAYLOR ALL STAR | 25 – headwear | Registered And Renewed 6/5/2017 | 2063154 |  |
| CONVERSE ALL STAR License Plate Design | 25 – clothing, footwear | Registered And Renewed 7/7/2017 | 2098296 |  |
| CONVERSE Star in Box Design | 25 – footwear | Registered And Renewed 7/7/2017 | 1078480 |  |
| CONVERSE to the Right of Star in Box Design (Bordered) | 25 – footwear | Registered And Renewed 5/13/2021 | 1138468 |  |
| CONVERSE to the Right of Star in Box Design (Bordered) | 25 – footwear | Registered And Renewed 3/23/2022 | 924169 |  |

| Title | Classes | Status/Status Date | Registration Number | Trademark Design |
|---|---|---|---|---|
| CONVERSE with Star Inside of O Design | 25 – footwear, clothing | Registered And Renewed 2/4/2022 | 1654951 | **CONVERSE** |
| CONVERSE with Star Inside of O | 25 – clothing, headwear | Registered And Renewed 11/14/2013 | 1804563 | **CONVERSE** |
| FIRST STAR | 25 – footwear | Registered And Renewed 1/21/2017 | 3191460 | |
| Five-Pointed Star Design | 25 – footwear | Registered And Renewed 2/9/2023 | 741662 | ☆ |
| JACK PURCELL (Signature) | 25 - footwear | Registered And Renewed 11/15/2013 | 583097 | *Jack Purcell.* |
| JACK PURCELL (Signature) | 25 – footwear, clothing, headwear | Registered And Renewed 1/31/2018 | 3481708 | *Jack Purcell* |
| JACK PURCELL (signature 1) with Triangle | 25 – footwear | Registered And Renewed 2/21/2023 | 938918 | *Jack Purcell* |

| Title | Classes | Status/Status Date | Registration Number | Trademark Design |
|---|---|---|---|---|
| ONE STAR & Design | 25 – footwear | Registered And Renewed 12/22/2014 | 1868414 | ONE ★ STAR |
| RUBBER TRACKS | 41 – recording studio services | Continued Use And Incontestability Accepted 11/18/2019 | 4417013 | |
| SKIDGRIP | 25 - footwear | Registered And Renewed 1/20/2023 | 1206260 | |
| Star and Chevron Design (Curved) | 25 – footwear | Registered And Renewed 7/20/2015 | 2973804 |  |
| Star and Chevron Design | 25 – shirts | Registered And Renewed 1/14/2023 | 1215935 |  |
| Star and Chevron Design | 25 - socks | Registered And Renewed 3/18/2019 | 1525779 |  |
| Star and Chevron Placement on Shoe Silhouette | 25 – footwear | Registered And Renewed 11/18/2016 | 1053338 |  |

| Title | Classes | Status/Status Date | Registration Number | Trademark Design |
|---|---|---|---|---|
| STAR PLAYER | 25 – footwear | Registered And Renewed 11/6/2020 | 3847775 | |
| Two Stripe Midsole Design | 25 – footwear | Registered And Renewed 2/4/2024 | 4398753 |  |
| Three Dimensional Sole of Shoe Design | 25 - footwear | Registered And Renewed 4/3/2020 | 1588960 |  |
| Three Dimensional Tread Design | 25 – footwear | Registered And Renewed 7/17/2017 | 3258103 |  |
| Shoe Toe Design | 25 - footwear | Registered And Renewed 9/9/2016 | 1998884 |  |
| Sole of a Shoe Design | 25 - footwear | Registered And Renewed 2/20/2022 | 1658256 |  |
| Star in Box Design | 25 – footwear | Registered And Renewed 12/29/2021 | 1632413 |  |

| Title | Classes | Status/Status Date | Registration Number | Trademark Design |
|-------|---------|--------------------|--------------------|------------------|
| Star in Circle (Dashed) Design | 25 – footwear | Registered And Renewed 1/31/2024 | 1789476 |  |
| WEAPON | 25 - footwear | Registered And Renewed 8/11/2023 | 2683548 | |

343.    Registrations for the trademarks set forth above are valid, subsisting, unrevoked, and uncancelled.  Additionally, many of Converse's registrations have achieved incontestable status pursuant to 15 U.S.C. § 1065.  Converse also owns common law rights in the above and other trademarks for use in connection with the Converse Products.

344.    The Converse Marks are in full force and effect.  Converse has never abandoned the Converse Marks, nor has Converse ever abandoned the goodwill of its business in connection with the Converse Marks.  Converse intends to continue to preserve and maintain its rights with respect to the Converse Marks.

345.    Founded in 1908, Converse is engaged in the design, distribution, and sale of sneakers, skating shoes, lifestyle brand footwear, apparel, and accessories, which are offered for sale all over the world and throughout the United States.

346.    In 1917, Converse's predecessor-in-interest introduced a high-top basketball shoe that would eventually be known as the "Chuck Taylor All Star."  In 1946, Converse's predecessor redesigned the "patch" located on the ankle of the Chuck Taylor All Star high-top shoe.  Later, in

1962, the same entity introduced a "low-cut" version of the Chuck Taylor All Star. The same outsole pattern has remained substantially the same since its initial use in 1920.

347.    The Converse brand is a multi-billion-dollar brand. In the past decade, Converse has earned billions of dollars in revenue from sales of Converse Products in the United States alone. Converse branded products have become enormously popular and even iconic, driven by Converse's high quality standards and innovative design. Among the purchasing public, genuine Converse Products are instantly recognizable as such. In the United States and around the world, the Converse brand has come to symbolize high quality, and Converse Products are among the most recognizable footwear, apparel and accessories in the world.

348.    The success of the Converse Products and the Converse Trademarks has been covered in many media outlets. For example, two books—CHUCKS!: THE PHENOMENON OF CONVERSE CHUCK TAYLOR ALL STARS and CHUCK TAYLOR, ALL STAR: THE TRUE STORY OF THE MAN BEHIND THE MOST FAMOUS ATHLETIC SHOE IN HISTORY—have focused on the popularity of the Converse Products. Additionally, a number of celebrities have collaborated with Converse to release special edition Converse Products, including John Lennon, Jimi Hendrix, Kurt Cobain, John Varvatos, The Ramones, Dr. Seuss, Gorillaz and Comme des Garcons, to name a few. Recently, Vice-President Kamala Harris has worn Converse shoes while on the campaign trail, garnering additional media attention.

349.    The widespread popularity of the Converse Products has resulted in the Converse Marks having developed a secondary meaning and significance in the minds of the purchasing public, and the purchasing public immediately identifies the services and products utilizing and/or bearing such trademarks with Converse.

## **THE COUNTERFEIT PRODUCTS**

350.    The success of the Nike and Converse brands has made them a prime target for counterfeiting.  In this action alone, Plaintiffs have identified that Defendants are operating at least 98 Infringing Websites and 267 Infringing Social Media accounts, advertising and selling Counterfeit Products.

351.    Defendants, without any authorization or license from Plaintiffs, have willfully and intentionally used, reproduced and/or copied the Nike and Converse Marks in connection with manufacturing, distributing, exporting, importing, advertising, marketing, selling and/or offering to sell Counterfeit Products.  Defendants advertise, offer to sell, and sell Counterfeit Products to both New York and United States consumers via the Internet through hundreds of unauthorized Infringing Websites and advertising on Infringing Social Media.  Defendants have shipped at least certain of the Counterfeit Products into the State of New York and this District.

352.    The vast majority of Defendants' Infringing Websites contain either vague or completely false statements as to the authenticity of the products being offered for sale.  Others claim to sell "unauthorized authentic" Nike or Converse Products that are, in reality, Counterfeit Products.  In other cases, Defendants' Infringing Websites freely admit that the products being offered for sale are "replica" versions of Nike or Converse Products, with "replica" being a common euphemism used to describe counterfeit goods.

353.    Defendants' manufacturing, advertisement, distribution, and sale of Counterfeit Products will result in consumers being deceived and misled into believing that Defendants' products or activities are authorized or sponsored by Plaintiffs, or to cause mistake or deception either at the point of sale or post-sale when consumers, or potential consumers, see the Counterfeit Products in use.

354.    For example, shown below on the left is an image of an authentic pair of Nike Air Force

1 High LV8 3 Big Kids' Shoes.  The image of the authentic Nike Product displayed below bears

the federally registered Swoosh Design trademark ![Swoosh] (U.S. Reg. No. 1323343).  Shown on

the right is an image of a Counterfeit Product offered for sale by the Defendant in Network 2

through the website bstsneakers.com, and described by Defendants as "Nike Air Force 1 High

Flax (2019) CJ9178-200."  The Counterfeit Product has ornamentation, design and labeling that

are intended to appear like the ornamentation, design and labeling on the authentic Nike Product.

The overall effect of the Counterfeit Product is not only confusingly similar to the design of the

authentic product on the left, it also bears an exact copy of Nike's federally registered Swoosh

Design.

| AUTHENTIC | COUNTERFEIT |
|---|---|
|  | |

355.    Similarly, shown below is an image of a listing for "Converse Chuck 70 Hi Black Egret

162050C" for $79.00 from bstsneaker.com which is a part of Defendant Network 2.  The listing

for the Counterfeit Product shows ornamentation, design and labeling that are intended to appear

like the ornamentation, design and labeling in the authentic Converse Product.  The overall effect

of the Counterfeit Product is not only confusingly similar to the design of the authentic product

on the left, it also bears an exact copy of Converse's federally registered Converse Chuck Taylor

All Star trademark ✪ (U.S. Reg. No. 1138469).



| AUTHENTIC | COUNTERFEIT |
|-----------|-------------|

356.    All of the Defendants' Counterfeit Products follow the pattern described above—each

copies the ornamentation, design and/or labeling of an authentic Nike or Converse Product and

most bear exact copies of one or more of the Plaintiffs' Marks.  Through their Infringing

Websites and Infringing Social Media, Defendants offer for sale thousands of such Counterfeit

Products falsely labeled as "Nike" or "Converse."  Defendants offer their Counterfeit Products

directly to consumers through their Infringing Websites, Infringing Social Media, and also on a

wholesale basis to other purveyors of Counterfeit Products.

357.    Plaintiffs confirmed the counterfeit nature of the products offered for sale by Defendants through a visual inspection of the Infringing Websites, including cross-referencing the Infringing Websites against a list of authorized sellers of Plaintiffs' Products.

358.    In addition, Plaintiffs have confirmed the counterfeit nature of the products offered for sale by Defendants by inspecting goods that Plaintiffs' investigator purchased from the Infringing Websites. Plaintiff's investigator placed orders for Counterfeit Products through at least one Infringing Website in each Defendant Network, and received Counterfeit Products from each network, with the exception of Network 50. Plaintiffs have inspected the purchases received by their investigator as a result of orders placed through the Infringing Websites and, in each instance, determined that the product received was a Counterfeit Product. Plaintiff inspected the images on the Infringing Website operated by Network 50 Defendants, and confirmed that the ordered product was a Counterfeit Product.

359.    The products offered for sale by Defendants are not authentic Nike or Converse Products. Plaintiffs did not manufacture, inspect, or package the Counterfeit Products, and did not approve the Counterfeit Products for sale and/or distribution. Even though the Defendants' Counterfeit Products are of inferior quality, they appear superficially similar, and in some cases superficially identical, to genuine Nike or Converse Products. The design of the Counterfeit Products and the display of the Plaintiffs' Marks on and in connection with the Counterfeit Products communicates to consumers—and may confuse consumers into believing—that the Counterfeit Products were manufactured, licensed, approved or sponsored by, or otherwise affiliated with Plaintiffs.

360.    Defendants have offered these Counterfeit Products for sale without permission, authority or license from Plaintiffs and, upon information and belief, such actions were taken in bad faith

with full knowledge of Plaintiffs' ownership of and/or exclusive rights to use and license the Nike and Converse Marks. At all relevant times and in furtherance of their infringing activities, Defendants have willfully and intentionally used and continue to use the Plaintiffs' Marks on their Counterfeit Products.

361.    In particular, Defendants make liberal use of Plaintiffs' Marks on their websites and related social media accounts to make an explicit connection between their Counterfeit Products and genuine Nike or Converse Products.

362.    For example, set forth below is a true and accurate screenshot from one page of the Infringing Websites operated by the Network 4 Defendants, buykicks.me, in which Defendants describe their products as "Nike" and "Jordan" shoes and make liberal use of the Nike Marks in marketing their Counterfeit Products.



This website is also associated with at least two Instagram accounts, nicejordansnet3 and shoeboxes068. These Instagram accounts have 1,102 and 3,322 followers respectively. As shown below, nicejordansnet3 advertises Nike and Air Jordan sneakers, directing users to purchase them from buykicks.me.

**Nicejordansnet3 Instagram Account**



**Shoeboxes068 Instagram Account**



363.    Upon information and belief, in order to evade disruption of their business as a result of anti-counterfeiting enforcement, Defendants have registered a large portfolio of domain names to use should one of their Infringing Websites be detected and shut down.

364.    Defendants have gone to great lengths to avoid being held accountable for their unlawful acts and to ensure that their illicit counterfeiting operations will not be impeded by brand owners like Plaintiffs or law enforcement.  Defendants intentionally conceal their true identities by conducting business only electronically over the Internet and by utilizing fictitious and/or incomplete names and contact information in nearly all facets of their business.

365.    Despite the Defendants' attempts to remain anonymous, as a consequence of conducting their counterfeiting operations electronically, the Defendants must interact with legitimate financial institutions in order to accept customer payment for the Counterfeit Products and to transfer the proceeds from these illicit sales into Defendants' own financial accounts.

366.    On information and belief, Defendants make use of the services of at least the following banks, savings and loan associations, credit card companies, credit card processing agencies, or other financial institutions or agencies that engage in the transfer of real property in order to carry out, facilitate, complete, or ratify the unlawful transactions complained of herein or used such entities to hold, transfer, transmit, relay, maintain, or invest profits from the unlawful activities described herein:  (1) PayPal; (2) American Express, MasterCard, Visa, American Express, and/or Discover; (3) Apple Pay; (4) Cash App; (5) Alipay; (6) Bitcoin; (7) MoneyGram; (8) PaySend; (9) Transfer Wise; (10) Union Pay; (11) Venmo; (12) WeChat Pay; (13) Western Union; (14) Zelle; and (15) JCB.

**FIRST CAUSE OF ACTION**

(Trademark Infringement Under Section 32
of the Lanham Act, 15 U.S.C. § 1114(1)(a))

367.    Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs as if fully set forth herein.

368.    As set forth above, a number of Plaintiffs' Marks are subject to registration on the Principal Register of the United States Patent and Trademark Office.  Plaintiffs' Marks and the goodwill of the businesses associated with them in the United States and throughout the world are of great and significant value, are highly distinctive and arbitrary, and have become universally associated in the public mind with products and services of the very highest quality and reputation.

369.    Defendants' actions described above have caused and are likely to cause confusion and mistake and to deceive potential customers in the United States and the general purchasing public as to the source, origin, or sponsorship of their Counterfeit Products, and are likely to deceive the public into believing that the Counterfeit Products sold by Defendants originate from, are associated with, or are otherwise authorized by Plaintiffs, all to the damage and detriment of Plaintiffs' reputation, goodwill and sales.

370.    As described above, Defendants' use Plaintiffs' Marks in commerce in the United States and caused consumer confusion in the United States through their use of interactive websites to offer for sale the Counterfeit Products to consumers in the United States and the shipment of Counterfeit Products into New York.

371.    Defendants' unauthorized use of the Plaintiffs' Marks in commerce in the United States constitutes trademark infringement of Plaintiffs' federally registered trademarks, the full extent of which is presently unknown but is substantial.  This has caused damage to Plaintiffs and the

substantial business and goodwill symbolized by the Plaintiffs' Marks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

372.    Defendants' actions described above, including the unauthorized use of the Plaintiffs' Marks in interstate commerce, have caused, and unless restrained will continue to cause, great and irreparable injury to Plaintiffs, to the Plaintiffs' Marks, and to the business and goodwill represented thereby, leaving Plaintiffs with no adequate remedy at law.

### SECOND CAUSE OF ACTION

(Trademark Counterfeiting Under Sections 32, 34 and 35,
of the Lanham Act, 15 U.S.C. §§ 1114(1)(b), 1116(d), & 1117(b)-(c))

373.    Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs as if fully set forth herein.

374.    Without Plaintiffs' authorization or consent, and having knowledge of Plaintiffs' well-known and prior rights in the Plaintiffs' Marks, Defendants have distributed, advertised, offered for sale and/or sold their Counterfeit Products to the consuming public in direct competition with Plaintiffs, in or affecting interstate commerce.

375.    Defendants' Counterfeit Products reproduce, counterfeit, copy, and colorably imitate the Plaintiffs' Marks or display spurious designations that are identical with, or substantially indistinguishable from the Plaintiffs' Marks.  Defendants have applied their reproductions, counterfeits, copies, and colorable imitations to labels and advertisements intended to be used in commerce upon or in connection with the sale, distribution, or advertising of Defendants' Counterfeit Products, which is likely to cause confusion, or to cause mistake, or to deceive.

376.    Defendants' unauthorized use of the Plaintiffs' Marks on or in connection with the Counterfeit Products was done with notice and full knowledge that such use was not

authorized or licensed by Plaintiffs.  Defendants' actions constitute willful counterfeiting of the

Plaintiffs' Marks in violation of 15 U.S.C. §§ 1114, 1116(d), and 1117(b)-(c).

377.    As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered

damage to their valuable trademarks and other damages in an amount to be proved at trial.

378.    Plaintiffs do not have an adequate remedy at law, and will continue to be

damaged by Defendants' sale of Counterfeit Products unless this Court enjoins Defendants from

such fraudulent business practices.

## THIRD CAUSE OF ACTION

(False Designation of Origin Under Section 43(a)
of the Lanham Act, 15 U.S.C. § 1125(a))

379.    Plaintiffs repeat and reallege each and every allegation in the foregoing

paragraphs as if fully set forth herein.

380.    As a result of Plaintiffs' experience, care, and service in producing and providing

genuine Nike and Converse Products, these products have become widely known and have

acquired a worldwide reputation for excellence.  Moreover, the Plaintiffs' Marks have become

associated with the respective Plaintiffs' Products, and have come to symbolize the reputation for

quality and excellence associated with Plaintiffs and authentic products produced by them.  As

such, the Plaintiffs' Marks have attained secondary meaning.  The Plaintiffs' Marks are also

inherently distinctive.

381.    Defendants' use of the Plaintiffs' Marks on or in connection with the Counterfeit

Products, as alleged above, is likely to confuse, mislead, or deceive customers, purchasers, and

members of the general public as to the origin, source, sponsorship, or affiliation of the

Counterfeit Products, and is likely to cause such people to believe in error that the Counterfeit

Products have been authorized, sponsored, approved, endorsed, or licensed by Plaintiffs, or that Defendants are in some way affiliated with Plaintiffs.

382.    Defendants' actions, including but not limited to their unauthorized use in commerce of the Plaintiffs' Marks, constitute a false designation of origin, false and misleading descriptions of fact, and false and misleading representations of fact, which have caused, and are likely to cause, confusion, mistake and deception, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

383.    Defendants' actions as described above, including their unauthorized, false, and misleading use in commerce of the Plaintiffs' Marks on Counterfeit Products and other uses of Plaintiffs' Marks in interstate commerce, have caused, and unless restrained, will continue to cause, great and irreparable injury to Plaintiffs, and to the business and goodwill represented by the Plaintiffs' Marks in an amount that cannot presently be ascertained, leaving Plaintiffs with no adequate remedy at law.

## FOURTH CAUSE OF ACTION

(Trademark Dilution Under the Federal
Trademark Dilution Act, 15 U.S.C. § 1125(c))

384.    Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs as if fully set forth herein.

385.    The Plaintiffs' Marks are famous within the meaning of the Trademark Dilution Revision Act of 2006.  Among other things:  (1) the Plaintiffs' Marks have a high degree of inherent distinctiveness; (2) the Plaintiffs' Marks have been used continuously for decades throughout the United States to promote many goods and services; (3) Plaintiffs and their authorized licensees have advertised and publicized the Plaintiffs' Marks continuously for decades throughout the United States; (4) Plaintiffs have used their trademarks in a trading area

of broad geographical scope encompassing all of the states and territories of the United States; (5) the Plaintiffs' Marks are among the preeminent marks in the relevant market; (6) the Plaintiffs' Marks have an extremely high degree of recognition among consumers; (7) there are no trademarks similar to the Plaintiffs' Marks; and (8) many of the Plaintiffs' Marks are the subject of valid and subsisting registrations under the Lanham Act on the Principal Register.

386.    Because Plaintiffs' Products have gained a reputation for superior quality and excellence, the Plaintiffs' Marks have gained substantial renown and reputation.

387.    Defendants' use of the Plaintiffs' Marks is likely to blur the Plaintiffs' Marks and impair their distinctiveness.  Consumers are likely to associate Defendants' uses of the Plaintiffs' Marks with the Plaintiffs' Marks themselves because of the similarity between Defendants' use of the Plaintiffs' Marks and the Plaintiffs' Marks themselves.  In particular, the following factors make dilution by blurring likely:  (1) Defendants are making use of the Plaintiffs' Marks themselves; (2) the Plaintiffs' Marks have acquired tremendous distinctiveness through Plaintiffs' continuous promotion and use of their respective Marks; (3) the Plaintiffs' Marks have become famous and achieved a high level of recognition among the consuming public; (4) Plaintiffs' commercial use of their respective Marks is substantially exclusive to Plaintiffs and their agents and licensees; (5) on information and belief, Defendants intend to create an association between Defendants' uses of the Plaintiffs' Marks and the Plaintiffs' Marks themselves; and (6) on information and belief, many consumers actually associate Defendants' uses of the Plaintiffs' Marks or marks confusingly similar thereto with the Plaintiffs' Marks themselves.

388.    Defendants' conduct as alleged above is also likely to cause tarnishment and harm the reputation of the Plaintiffs' Marks because of the similarity between Defendants' uses of the

Plaintiffs' Marks and the Plaintiffs' Marks themselves. In particular, the Counterfeit Products sold, offered for sale, and/or distributed by Defendants display the Plaintiffs' Marks in a manner that is confusingly similar to Plaintiffs' Products and therefore mislead consumers into believing that the Plaintiffs' Products are of low quality.

389.    Defendants' conduct described above dilutes, blurs, tarnishes, and whittles away the distinctiveness of the Plaintiffs' Marks, and has caused actual dilution and has detracted from the distinctiveness of the famous Plaintiffs' Marks with consequent damage to Plaintiffs, and to the substantial business and goodwill symbolized by the Plaintiffs' Marks in violation of the Federal Trademark Dilution Act, 15 U.S.C. § 1125(c).

390.    Defendants' acts of trademark dilution have caused and, unless restrained, will continue to cause, great and irreparable injury to Plaintiffs, to the Plaintiffs' Marks, and to the substantial business and goodwill represented thereby, in an amount that cannot be presently ascertained, leaving Plaintiffs with no adequate remedy at law.

391.    Defendants' conduct has been undertaken with a willful intent to trade on the reputation of Plaintiffs and to cause dilution of the famous Plaintiffs' Marks, and this conduct entitles Plaintiffs to damages and other remedies available pursuant to 15 U.S.C. § 1125(c)(2).

## FIFTH CAUSE OF ACTION

(Trademark Infringement Under New York Law)

392.    Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs as if fully set forth herein.

393.    Defendants' acts as described above constitute trademark infringement under New York common and/or statutory law. N.Y. Gen. Bus. Law §§ 360-k, 360-o.

## SIXTH CAUSE OF ACTION

(Trademark Dilution Under New York Law)

394.    Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs as if fully set forth herein.

395.    Defendants' acts as described above dilute and detract from the distinctiveness of the famous Plaintiffs' Marks, resulting in damage to Plaintiffs and the substantial business and goodwill symbolized by the Plaintiffs' Marks in violation of New York's Anti-Dilution Statute, N.Y. Gen. Bus. Law § 360-l.

## SEVENTH CAUSE OF ACTION

(Unfair Competition Under New York Law)

396.    Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs as if fully set forth herein.

397.    Defendants' acts as described above constitute unfair competition under New York State common law, as preserved by N.Y. Gen. Bus. Law § 360-o.

## EIGHTH CAUSE OF ACTION

(Deceptive Acts and Practices Under New York Statutory Law)

398.    Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs as if fully set forth herein.

399.    Defendants' acts as described above constitute deceptive acts and practices and false advertising in violation of N.Y. Gen. Bus. Law §§ 349-350.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

1.      Immediately and permanently enjoin Defendants, their officers, directors, agents, representatives, successors or assigns, and all persons acting in concert or in participation with any of them from:

(a)      using Plaintiffs' Marks, or any reproduction, counterfeit, copy, or colorable imitation of Plaintiffs' Marks, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks, in connection with manufacturing, distributing, delivering, shipping, importing, exporting, advertising, marketing, promoting, selling or offering for sale Counterfeit Products or any other products confusingly similar to Plaintiffs' Products, or that otherwise bear, contain, display, or utilize any of the Plaintiffs' Marks;

(b)      making or employing any other commercial use of the Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks;

(c)      using any other false designation of origin or false description or representation or any other thing calculated or likely to cause confusion or mistake in the mind of the trade or public or to deceive the trade or public into believing that Defendants' products or activities are in any way sponsored, licensed or authorized by or affiliated or connected with Plaintiffs;

(d)      using or transferring ownership of the Infringing Websites or registering or using any domain names incorporating, in whole or in

part, any word or mark identical or similar to the name Nike or Converse or otherwise making use of the Plaintiffs' Marks;

(e)     using or transferring ownership of the Infringing Social Media, in whole or in part, any word or mark identical or similar to the name Nike or Converse or otherwise making use of the Plaintiffs' Marks

(f)     doing any other acts or things calculated or likely to cause confusion or mistake in the mind of the public or to lead purchasers or consumers or investors to believe that the products or services promoted, offered, or sponsored by Defendants come from Plaintiffs' or their licensees, or are somehow licensed, sponsored, endorsed, or authorized by, or otherwise affiliated or connected with Plaintiffs;

(g)     moving, returning, destroying, secreting, or otherwise disposing of any Counterfeit Products or any products that otherwise bear, contain, display, or utilize any of the Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks;

(h)     removing, destroying, altering, secreting, or otherwise disposing of any computer files, electronic files or data, business records, or documents containing any information relating to any of the Infringing Websites or Infringing Social Media, Defendants' assets or operations, or to the importing, manufacturing, production, marketing, advertising, promoting, acquisition, purchase, distribution or sale of Counterfeit Products or any products that otherwise bear contain, display, or utilize

any of the Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks;

(i)     further diluting and infringing the Plaintiffs' Marks and damaging Plaintiffs' goodwill;

(j)     otherwise competing unfairly with Plaintiffs or any of their authorized licensees in any manner;

(k)     secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying any of Defendants' assets from or to Defendants' financial accounts until further ordered by this Court; and

(l)     assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (a) through (k), or effecting any assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (k).

2.     Direct Defendants their officers, directors, agents, representatives, successors or assigns, and all persons acting in concert or in participation with any of them to:

(a)     account to Plaintiffs for their profits and order that Plaintiffs recover each Group of Defendants' illicit profits, and a sum equal to three times each Group of Defendants' profits, pursuant to 15 U.S.C. § 1117(b); or, in the alternative,

(b)       award Plaintiffs damages arising out of Defendants' acts of deception and infringement described above, and a sum equal to three times each Group of Defendants' damages, pursuant to 15 U.S.C. § 1117 (b); or, in the alternative,

(c)       award Plaintiffs statutory damages against each Network of Defendants, as calculated in the attached Exhibit 6, representing the statutory maximum of $2 million for each and every Nike and Converse Mark that Defendants willfully counterfeited and infringed per type of good sold, offered for sale, or distributed by each Group of Defendants, pursuant to 15 U.S.C. § 1117(c);

3.       Award Plaintiffs punitive damages pursuant to New York State common law (as preserved by N.Y. Gen. Bus. Law § 360-o) on account of Defendants' gross, wanton, willful, and malicious conduct;

4.       Direct Defendants to recall and remove from all stores, shops, markets, outlets, catalogues, websites, social media, or other channels of commerce any Counterfeit Products or any other products confusingly similar to Plaintiffs' Products, or that otherwise bear, contain, display, or utilize any of Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks, that are in Defendants' possession or control and all means of making the same;

5.       Direct Defendants to deliver up for destruction all Counterfeit Products or any other products confusingly similar to Plaintiffs' Products, or that otherwise bear, contain, display or utilize any of the Plaintiffs' Marks, any derivation or colorable

imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks, that are in Defendants' possession or control and all means of making the same, in accordance with 15 U.S.C. § 1118;

6.     Direct Defendants to deliver up for destruction any and all guarantees, circulars, price lists, labels, signs, prints, packages, wrappers, pouches, receptacles, advertising matter, promotional, and other materials in the possession or control of Defendants bearing any of the Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks, in accordance with 15 U.S.C. § 1118;

7.     Direct Defendants to supply Plaintiff with a complete list of entities from whom they purchased and to whom they distributed and/or sold Counterfeit Products or any other products confusingly similar to Plaintiffs' Products, or that otherwise bear, contain, display or utilize any of the Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks, and to provide the manner through which the Counterfeit Products or other products were paid, including any bank accounts to, through, or from which funds were wired;

8.     Award Plaintiffs reasonable attorneys' fees along with the costs and disbursements incurred herein as a result of Defendants' intentional and willful infringement, pursuant to 15 U.S.C. § 1117 and N.Y. Gen. Bus. Law § 349(h);

9.     Order that Defendants are prohibited from registering any domain names incorporating, in whole or in part, any word or mark identical or similar to the trademarked Nike or Converse names, or otherwise making use of the Plaintiffs' Marks;

10.     Order that Defendants are prohibited from registering or creating any other social media incorporating, in whole or in part, any word or mark identical or similar to the trademarked Nike or Converse names, or otherwise making use of the Plaintiffs' Marks;

11.     Order that the domain name registries, including but not limited to VeriSign, Inc., NeuStar, Inc., Nominet UK, Registry Services, LLC, .Club Domains, LLC, Public Interest Registry and/or the individual registrars holding or listing one or more domain names used in conjunction with Defendants' Infringing Websites shall immediately disable the domain names of Defendants' Infringing Websites, through a registry hold or otherwise, and make them inactive and untransferable, and;

12.     Order social media entities and/or the individual social media entities holding or listing one or more social media accounts used in conjunction with Defendants' Infringing Social Media shall immediately disable the Infringing Social Media, through and make them inactive and untransferable

13.     Order that any of Defendants' assets that are held by or within the control of entities, including third-party financial institutions, that are subject to the jurisdiction of this Court, be restrained and frozen pending the outcome of this action so that Plaintiffs' right to the equitable relief set forth in this Complaint is not later rendered meaningless;

14.     Order that, in accordance with Rule 65 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a), Article 52 of New York State's Civil Practice Law and Rules, and the Court's inherent and equitable powers to issue remedies ancillary to its authority to provide final relief, that all of Defendants' assets that are held by or within

the control of entities, including third-party financial institutions, that are subject to the jurisdiction of this Court, be permanently restrained and frozen, regardless of whether the assets are located in the United States or aboard, except that the Defendants may transfer the funds on deposit to Gibson Dunn's client trust account;

15.     Direct Defendants to file with the Court and serve on counsel for Plaintiffs within thirty (30) days after entry of any injunction issued by the Court in this action, a sworn written statement pursuant to 15 U.S.C. § 1116(a) setting forth in detail the manner and form in which Defendants have complied with any injunction which the Court may enter in this action; and

16.     Award Plaintiffs such other and further relief as the Court deems just and proper.

Dated: June 10, 2024
New York, New York

By:     /s/ Robert L. Weigel
        Robert Weigel
        rweigel@gibsondunn.com
        Howard S. Hogan
        hhogan@gibsondunn.com
        Colleen Devine
        cdevine@gibsondunn.com
        JungEun Lee (*pro hac vice*)
        nlee@gibsondunn.com

        GIBSON, DUNN & CRUTCHER LLP
        200 Park Avenue
        New York, NY  10166-0193
        Telephone:  212.351.4000

        *Attorneys for Plaintiffs Nike, Inc. and Converse Inc.*